**BROOKS, TARLTON, GILBERT, DOUGLAS & KRESSLER, etc.,**
**Plaintiffs-Appellees, Cross-Appellants,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Defendant-Appellant, Cross-Appellee.**

**No. 86–1768.**

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1987.

Rehearing Denied Dec. 9, 1987.

William M. Murphy, Murphy, Shrull, Moore & Bell, Fort Worth, Tex., for defendant-appellant, cross-appellee.

James B. Barlow, Cora S. Werley, Barlow, Garsek & Bowers, Fort Worth, Tex., for plaintiffs-appellees, cross-appellants.

Before RANDALL, WILLIAMS and GARWOOD, Circuit Judges.

PER CURIAM:

Our opinion in this case was issued on November 5, 1987. In the course of deciding that the Lawyers' Deceptive Trade Practices Act cause of action should be remanded for further development in the district court, we discussed *Melody Home Mfg. Co. v. Barnes,* 30 Tex.Sup.Ct.J. 489 (June 17, 1987) and its potential impact on the Lawyers' implied warranty claim. *See Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1377 n. 16 (5th Cir.1987). However, on November 4, 1987, the Texas Supreme Court withdrew its first opinion in *Melody Home* and substituted in its place a revised opinion. Therefore, we find it necessary now to briefly clarify, in light of this new opinion, the district court's task on remand.

## I.

In *Melody Home Mfg. Co. v. Barnes,* 30 Tex.Sup.Ct.J. 489 (June 17, 1987) (*"Melody Home I"*), the Texas Supreme Court held that "all service providers impliedly warrant that their services will be performed in a good and workmanlike manner." *Melody Home I,.* However, two years earlier, in *Dennis v. Allison,* 698 S.W.2d 94 (Tex. 1985), the Texas Supreme Court had decided that an implied warranty does not arise in "professional" service transactions. *Id.* at 96. Moreover, it had specifically recognized that because of the remedies provided by section 402A of the Restatement Second of Torts and the implied warranties of the Texas Uniform Commercial Code, "the protection of Texas consumers no longer requires the utilization of an implied warranty as a matter of public policy." *Id.* at 95 (quotations omitted). To reach its ruling in *Melody Home I,* therefore, the supreme court found it necessary to overrule *Dennis.* In our opinion, we acknowl-edged this new implied warranty recognized by the supreme court, but held that the Lawyers' claim was not defined sufficiently to permit us to determine whether the implied warranty applied. We did suggest, however, that despite overruling *Dennis,* the supreme court explicitly extended the warranty only to "services such as repairs" and that "[e]ven this new implied warranty arose in a case where the service provider had clearly performed under the contract and the focus of the complaint was on the manner of performance." *Brooks,* 832 F.2d at 1377 n. 16. We then left to the district court, with its fact-finding ability, the responsibility for determining in the first instance whether the implied warranty that services will be performed in a good and workmanlike manner is applicable to the Lawyers' claim.

The Texas Supreme Court's new opinion *Melody Home Mfg. Co. v. Barnes,* 31 Tex. S.Ct.J. 47 (Nov. 4, 1987) (*"Melody Home II"*), however, recognizes a much more limited implied warranty. In *Melody Home II,* the Texas Supreme Court holds that "an implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA." *Id.* at 49. Moreover, the court explicitly recognizes that "[t]he question whether an implied warranty applies to services in which the essence of the transaction is the exercise of professional judgment by the service provider is not before us." *Id.* at 50. Consequently, contrary to its decision in *Melody Home I,* the Texas Supreme Court in *Melody Home II* does not overrule *Dennis.* Given the limiting language in *Melody Home II,* it is clear to us that this newly recognized implied warranty does not apply to the Lawyers' claim. At issue here is not the repair or modification of existing tangible goods. The question, therefore, is whether the Texas Supreme Court's still valid decision in *Dennis* controls the Lawyers' implied warranty claim, or indeed, whether some other implied warranty applies. Again, we do not decide the question, although in the light of *Melody Home II,* we have doubt about the continuing viability of the Lawyers' implied warranty

**1380**

claim. As we explain in our opinion, the posture in which the case reaches us makes it impossible for us to "answer[ ] all the questions which must be asked before the breach of a specific implied warranty can be found." *Brooks*, 832 F.2d at 1376. Therefore, we once again direct the district court to permit the parties to address the implied warranty claim. The district court, when interpreting Texas law, is, of course, subject to the same limitations that faced us in deciding the other issues of this case. *Id.* at 1376.

## II.

We, therefore, in all other respects, adhere to our previous opinion in this case.