**Brenda POPE, Plaintiff–Appellant,**

v.

**MCI TELECOMMUNICATIONS CORPO-RATION, Defendant–Appellee.**

No. 90–2597.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1991.

Rehearing Denied Sept. 3, 1991.

Gordon R. Cooper, II, Cooper & Cooper, Houston, Tex., for plaintiff-appellant.

Kerry Notestine, Bracewell & Patterson, Houston, Tex., Brian Schaffer, MCI Telecommunications Corp., Washington, D.C., for defendant-appellee.

Before BROWN, SMITH and WIENER, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The appellant, Brenda Pope, a black woman, appeals from the district court's decisions refusing to remand to state court, refusing leave to amend the pleadings a fourth time, and granting summary judgment and attorney's fees for her former employer, MCI Telecommunications Corp. in this wrongful discharge and employment discrimination action.

Because the district court had diversity jurisdiction over Pope's state law causes of action; because it was within the court's discretion to refuse a fourth amendment on the eve of trial; because there are no genuine issues of material fact such that a reasonable finder of fact could hold in Pope's favor; and because the Texas statute under which Pope chose to sue permits

the award of attorney's fees to the prevailing party, we affirm the district court's decisions.

### From There to Here

This lawsuit, like a wayward cat in one of its later incarnations, has presented itself in several forms.

Pope, employed by MCI since 1980, first filed, on June 6, 1986, charges with the Texas Commission on Human Rights (TCHR) and with the Equal Employment Opportunity Commission (EEOC), alleging sexual and racial harassment and that the overall level of her pay was less than that of her white male counterparts. She then filed suit in Texas state court on June 8, 1987. She amended her state court petition for the first time on July 8, 1987.

Subsequently, on August 3, 1987, MCI removed to federal court on the basis of federal question jurisdiction (discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1988) and the Civil Rights Act of 1870, 42 U.S.C. § 1981 (1988)) and diversity of citizenship.

Pope continued to work for MCI while the suit was pending. The removed suit was amended two more times to reflect subsequent events, including the denial of a promotion, a work-related injury and Workers' Compensation claim, and finally Pope's termination from employment by MCI. While the suit was pending, in October 1988, MCI began restructuring Pope's department and consolidated many positions. On December 13, 1988, Pope applied for a promotion to the position of Regional Customer Service Manager. Another applicant, a white woman, whom Pope has alleged was less qualified, was selected on January 11, 1989.

On January 30, 1989, Pope sustained injuries to her head, lower back and right wrist in an auto accident while on company business, and she consequently took an extended leave of absence to recover. Her position at that time was Communications Specialist Manager. MCI's reinstatement-from-leave policy provides reinstatement to an employee who has been on leave for more than 42 days only if the same or a comparable position is available. If no such position exists, an employee is to be provided up to two weeks of assistance to identify a position that she can fill. After this two-week period, the employee may be laid off.

During Pope's absence, the second of two Communications Specialist Managers for the Houston region filled both spots; MCI decided to retain this second person, Ms. Vernetta Dickerson, a black woman, and reorganize the department to permanently require only one Communications Specialist Manager.

Pope returned on February 13, 1989, but was not permitted to work because she did not have a full release from her physician. She returned on March 30, 1989, after more than 42 days of leave, to find that MCI had no position for her, due to the restructuring that occurred in her absence. She was terminated effective April 20, 1989 and received severance pay of more than $15,000; it is disputed whether she was offered the two weeks of assistance in finding another position within the company.

On May 25, 1989, nearly two months *after* Pope was dismissed, she initiated a claim under the Texas Workers' Compensation Act for the January 30, 1989 auto accident injuries. Her claim form is dated May 25, 1989, as is a letter from her attorney to the Industrial Accident Board stating that she had retained him to represent her before the Board.

On August 16, 1989, she filed a second charge with the TCHR, alleging that she was unlawfully denied the promotion in retaliation for the original discrimination charges and lawsuit, and that she was terminated in retaliation for filing her Workers' Compensation claim. This complaint was filed with TCHR 217 days after MCI's January 11, 1989 decision giving the promotion for which Pope had applied to an allegedly less qualified white woman. On August 18, 1989, Pope amended her pending lawsuit a second time to assert these additional, state-law causes of action, charging discrimination in violation of article 5221k of the Texas Commission on Hu-

man Rights Act,[1] and retaliation for filing a Workers' Compensation claim, a violation of article 8307c of the Texas Workers' Compensation Act.[2] In September 1989, in her third amended complaint, Pope expressly abandoned her federal claims, preserving only her state-law claims. These state-law claims are all that is before us in this appeal.

On January 15, 1990, MCI filed its motion for summary judgment. Before the court ruled, Pope on February 5, 1990 moved to remand the case to state court. The asserted basis of this motion was that: i) the district court was required to remand since § 1445(c) of Title 28 forbids the removal of Workers' Compensation cases,[3] and ii) § 1447(c) required a district court to remand where a case was removed "improvidently and without jurisdiction."[4] Pope also contended that because she no longer sought recovery under federal law, the district court lacked subject matter jurisdiction over her state-law claims.

On May 7, 1990, Pope moved for leave to amend her complaint a fourth time to introduce a common law claim of intentional infliction of emotional distress. This motion was less than one week before the rescheduled May 11, 1990 docket call (which had originally been set for April 20, 1990) and was nearly three months after the district court's February 15, 1990 deadline for non-dispositive motions which had been set by the court's original scheduling order nearly a year earlier on July 28, 1989.

On June 1, 1990, the district court denied Pope's motion to amend her complaint as untimely. The court denied the motion to remand, stating that the case was properly removable at the time it entered the federal system, and that the remaining state-law claims could be maintained on the basis of diversity. Acting on Pope's third amended complaint which asserted the remaining, state-law causes of action for racial and sex harassment, unequal compensation, retaliatory denial of promotion, and unlawful discharge for instituting a Workers' Compensation claim, the district court granted summary judgment in favor of MCI. The court held that the Texas article 5221k claims of unequal compensation, sex and racial harassment and retaliatory denial of promotion were time-barred, and that there was no genuine issue of material fact regarding the article 8307c claim for unlawful discharge under the Texas Workers' Compensation statute, because Pope offered no evidence of a causal link, as required by Texas law, between her termination and her filing of a claim for Workers' Compensation benefits.

These decisions were incorporated in three separate documents signed by the court on June 1: 1) an order denying Pope's motion for leave to amend; 2) a memorandum and order denying Pope's motion to remand and granting MCI's motion for summary judgment; and 3) a final judgment in favor of MCI which expressly provided that MCI recover its costs[5] as

---

1. Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987 & Supp.1991).

2. Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1991).

3. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (1988).

4. "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c) (1982).
   Section 1447(c) was amended November 19, 1988 to require that a motion to remand be made within 30 days after removal:

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
28 U.S.C. § 1447(c) (1988) (As amended by Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title X, § 1016(c), 102 Stat. 4670 (1988)). The act does not provide the effective date for the amendment to § 1447(c). We have joined the other courts that have considered the question in holding that it took effect November 19, 1988, the day the president signed the bill, *In re Shell Oil Co.,* 932 F.2d 1523, 1526 (5th Cir.1991).

5. This third document reads:

permitted by article 5221k.[6] No mention was made of attorney's fees as such. The district clerk entered all three documents on June 8, 1990.

MCI filed a bill for costs on June 18, 1990 in the amount of $78,768.99, including charges of $65,862.50 representing attorney's fees paid by MCI to its counsel. On June 27, 1990, Pope filed her notice of appeal from "the District Court's Memorandum and Order entered in this cause on June 8, 1990 in which the Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion to Remand and denied Plaintiff's Motion for Leave to Amend." The notice of appeal did not mention either the award of costs or attorney's fees as such. On July 18, the district court issued its order approving MCI's costs and attorney's fees, stating that Pope's claims were "frivolous, unreasonable and groundless." Pope never objected to the allowance of costs or attorney's fees, much less the large dollar amount thereof. Nor did she explicitly appeal this second order, or attempt to amend the notice of appeal, but raised the issue for the first time in her briefs to this court and at oral argument before us.

### Denial of Motion to Remand

The district court's denial of Pope's motion to remand is reviewed for abuse of discretion.[7]

Pope's original brief to this court argued that the district court was required to remand the case because 28 U.S.C. § 1445(c) prohibits removal to federal district court of state Workers' Compensation claims [8] and because 28 U.S.C. § 1447(c) required remand where a case was removed "improvidently and without jurisdiction." [9] She contended that the district court lacked subject matter jurisdiction over her remaining state-law claims after her federal claims were dropped.

Section 1447 was amended November 19, 1988 to require that a motion to remand be made within 30 days after removal:

> "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." [10]

Obviously, the amendment had no effect at the time of the original removal on August 3, 1987, more than a year before the effective date of the amendment.[11] Pope's motion to remand, however, came nearly 15 months after the statute was amended, nearly six months after she added her Workers' Compensation cause of action, and five months after she dropped her federal claims. Nonetheless, we need not determine here whether the 30–day requirement applied to Pope's motion to remand, and if so, when the time began to run, because under any application, Pope fails.

■ The case was not removed "improvidently and without jurisdiction" under the old remand statute. It was without any doubt properly removed on the basis of diversity. MCI is a Delaware corporation with its principal place of business in the District of Columbia and Pope is a resident of Texas. The case was probably removed properly on the basis of federal questions under the well-pleaded complaint rule, although this is not as clear from the face of the removed complaint (Pope's First Amended Petition).

---

"Pursuant to the Court's Order granting the Motion for Summary Judgment of the defendant of this same date, it is hereby

ORDERED that judgment be entered in favor of defendant; that plaintiff take nothing from defendant; and that defendant recover of the plaintiff its costs of court.

This is a FINAL JUDGMENT."

6. *See infra,* note 48 and accompanying text.

7. *Spencer v. New Orleans Levee Board,* 737 F.2d 435, 438 (5th Cir.1984).

8. *See supra,* note 3.

9. *See supra,* note 4.

10. 28 U.S.C. § 1447(c) (1988).

11. *See supra,* note 4.

■ While § 1445(c) does indeed prohibit the removal of Workers' Compensation claims, in this case, a Workers' Compensation claim was never removed. At the time of removal, Pope had not yet asserted this claim. Indeed, nothing relevant to this cause of action had yet occurred: Pope had not been fired, she had not sustained her auto injuries, had not filed the Workers' Compensation claim and had not yet suffered the alleged retaliation. Adding the Workers' Compensation claim later by amendment did not constitute removal of that claim.

■ Similarly, there was no § 1447(c) "defect in [the] removal procedure," and the district court did not lack subject matter jurisdiction after the federal claims were dropped because diversity jurisdiction remained.

The district court did not abuse its discretion in denying Pope's motion to remand. The case was properly removed and diversity-based subject matter jurisdiction remained after Pope amended her complaint.

## Fourth Motion to Amend the Pleadings

■ Although Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires" even after the action has been placed on the trial calendar,[12] denial of leave to amend is reviewed for abuse of discretion.[13]

The proposed amendment to Pope's pleadings was her fourth, and sought to add an entirely new cause of action less than a week before trial and long after extensive discovery had taken place. This not only might subject MCI to prejudice,

but it also would have interfered with the trial date.

This new claim was not about something recently discovered. Pope could have added the claim for intentional infliction of emotional distress years earlier. She admits that her proposed amendment is based upon the same facts as her previous claims. Granting that proffering the amendment does not warrant aspersions of bad faith, the court did not abuse its discretion in refusing to permit a fourth amendment on the eve of trial.

## Summary Judgment Claims

This court, in evaluating a summary judgment motion, applies the same standard that governs the district court.[14]

We will not affirm a summary judgement unless "we are convinced, after an independent review of the record, that 'there is no genuine issue as to any material fact' and that the movant is 'entitled to a judgment as a matter of law.' "[15]

## Retaliatory Denial of Promotion

■ The district court held that Pope's state-law claims for retaliatory denial of promotion in violation of the Texas Commission on Human Rights Act[16] were time-barred. Pope's claims were filed 217 days after she first knew about the alleged discrimination and retaliatory denial of promotion. Section 6.01 of article 5221k requires a charge of employment discrimination to be filed "within 180 days after the alleged unlawful employment practice occurred; untimely complaints *shall be dismissed* by the commission."[17]

---

12. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir.1981).

13. *Texas Extrusion Corp. v. Lockheed Corp.,* 844 F.2d 1142, 1158 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988); *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir. 1985). *Cf. Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225–26, (1962) (Leave may be denied for "delay, bad faith …, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party …, futility of amendment….").

14. *Latimer v. Smithkline & French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990).

15. *Brooks, Tarlton, Gilbert, Douglas & Kressler v. U.S. Fire Ins. Co.,* 832 F.2d 1358, 1364 (quoting Fed.R.Civ.P. 56(c)), *clarified on reh'g on other grounds,* 832 F.2d 1378 (5th Cir.1987).

16. Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987 & Supp.1991).

17. *Id.* at § 6.01 (emphasis added).

Pope's attorneys argued before this court with straight faces, that because the state law's section 1.02(1) declares that the act is intended "to provide for the execution of the *policies* embodied in Title VII of the federal Civil Rights Act of 1964," [18] the federal court should ignore the act's explicit time limitations and instead apply the limitations period provided in the federal statute, under which Pope did not choose to sue, because "it was the evident intent of the legislature to accord aggrieved persons the widest possible array of remedies." We do not make the federal statutory laws, much less legislate state statutes of limitations. We have no prerogative to ignore a precise Texas time limitation.

The fact that Title VII provides that employment discrimination claims must be filed within 180 days with the EEOC [19] does not alter the problem. Nor does the further provision that any person who first seeks relief from a state or local agency entrusted with policing such violations is entitled to a 300–day period for the EEOC filing.[20] In *Urrutia v. Valero Energy Corp.*[21] and *Mennor v. Fort Hood Nat'l Bank*,[22] this court held that a party pursuing a federal claim under Title VII was entitled to the 300–day period even when the state filing was too late.[23]

Since Pope has not pursued a *Title VII* remedy, *Mennor* and *Urrutia*, dictating a 300–day limit in regard to Title VII claims, offer no help. Texas was under no obligation to—and did not—provide a statute of limitations that matches that contained within Title VII. This court cannot fault the Texas time limitation. Pope's lamentations that *had she chosen to file under the federal act*, she would have been afforded the 300–day limitations period were well answered by the trial court: because Pope chose to file under Texas article 5221k, rather than Title VII, the federal limitations period was unavailable and the state limitations period governs her state claim.

Faithful to our *Erie* duty, we follow Texas court decisions that the time limits under article 5221k are mandatory, and that an action is not maintainable where the limitations period is not followed.[24]

## Workers' Compensation Claim

Pope contends that she was terminated in violation of article 8307c of the Texas labor laws [25] in retaliation for filing a Workers' Compensation claim. As the party moving for summary judgment, MCI initially bore the burden of demonstrating the absence of a genuine issue of material fact.[26] The evaluation of which facts are material calls for the court to consult substantive law.[27]

At least where the movant's evidence shows no genuine issue of material fact, to avoid summary judgment the nonmovant must demonstrate the existence of evidence on each element essential to its case, be-

**18.** *Id.* at § 1.02(1).

**19.** 42 U.S.C. § 2000e–5(e) (1988).

**20.** *Id.*

**21.** 841 F.2d 123, 125 (5th Cir.), *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988).

**22.** 829 F.2d 553, 555–56 (5th Cir.1987).

**23.** *Accord E.E.O.C. v. Commercial Office Prod. Co.,* 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988).

**24.** *Schroeder v. Texas Iron Works, Inc.,* 769 S.W.2d 625, 627–28 (Tex.App.—Corpus Christi 1989), *aff'd,* No. C–8843, 34 Tex.Sup.Ct.J. 642 —— S.W.2d —— (Tex.1991) (1991 WL 99942, 1991 Tex. LEXIS 73); *Green v. Aluminum Co. of*

*America,* 760 S.W.2d 378, 380–81 (Tex.App.—Austin 1988, no writ).

**25.** Article 8307c provides:
No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding. Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp. 1991).

**26.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 321, 323, 106 S.Ct. 2548, 2552, 2553, 91 L.Ed.2d 265, 273–74 (1986).

**27.** *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202, 210–11 (1986).

cause a complete failure of proof of an essential element would render all other facts immaterial[28] and thus show that there are indeed no genuine issues of material fact.

■ An employee claiming discharge in violation of article 8307c certainly has the burden of at least demonstrating a causal link between his discharge and the filing of the claim for Workers' Compensation benefits.[29] While it is true, as Pope points out, that the employee can carry this burden without showing that he was fired *solely* because of the filing of his Workers' Compensation claim,[30] the employee must show that the filing of the claim was a determining factor in the discharge.[31]

■ Whatever the doubt about how onerous the burden is to show "a determining factor," it requires at the very least more than what Pope brought to the court. Indeed, Pope alleges that she was fired on the 29th day of March, 1989. It was not until May 25, 1989, nearly two months later, that she filed the Workers' Compensation claim for injuries that occurred on January 30, 1989. How something which has not yet occurred can be asserted as evidence of an earlier discriminatory act was never explained. Pope asserted in her deposition her subjective belief that the firing was based upon her initiation of the Workers' Compensation claim, but offered no affidavits or other evidence showing

how her subsequent claim for benefits was a determining factor in her earlier discharge. While article 8307c may sometimes apply "even when a plaintiff has not yet filed a Workers' Compensation claim before being discharged,"[32] some evidence of a causal connection beyond the plaintiff's subjective belief is required.[33]

We do not *weigh* MCI's assertions against Pope's or engage in credibility determinations. We simply hold that there is no genuine issue of fact concerning the critical issues of a § 8307c retaliation claim. Pope makes no showing to put in issue MCI's factual evidence that the two events were not linked; that Pope's initial filing for Workers' Compensation benefits occurred two months *after* she was terminated, that MCI had reorganized her department for independent reasons, and that MCI's policy only guaranteed positions for returning sick employees, regardless of race or sex, for 42 days.

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"[34] At best, Pope has shown only that "there is some metaphysical doubt as to the material facts."[35] The district court properly granted summary judgment for MCI.

---

28. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273–74 (Nonmoving party must designate "specific facts showing that there is a genuine issue for trial."); *Matter of Lewisville Properties, Inc.*, 849 F.2d 946, 950 (5th Cir.1988).

29. *Benton v. Kroger Co.*, 640 F.Supp. 1317, 1321 (S.D.Tex.1986); *Hughes Tool Co. v. Richards*, 624 S.W.2d 598, 599 (Tex.Civ.App.—Houston [14th Dist.] 1981), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982).

30. *General Elec. Co. v. Kunze*, 747 S.W.2d 826, 830 (Tex.App.—Waco 1987, writ denied).

31. *Azar Nut Co. v. Caille*, 720 S.W.2d 685, 687 (Tex.App.—El Paso 1986), *aff'd*, 734 S.W.2d 667 (Tex.1987).

32. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1090 n. 1 (5th Cir.1991), citing *Hunt v.*

*Van Der Horst Corp.*, 711 S.W.2d 77, 80 (Tex. App.—Dallas 1986, no writ).

33. *Cf. Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir.1986) (employee's subjective belief that he was fired for discriminatory reasons not enough to avoid summary judgment). Furthermore, the cases that Pope raises that rely even in part upon the employee's subjective evaluation of whether discrimination occurred also had Rule 56 evidence of discriminatory intent. *E.g., Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77 (Tex.App.—Dallas 1986, no writ).

34. *Celotex v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986).

35. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538, 551–52 (1986).

## Attorney's Fees

■ Pope's June 27, 1990 notice of appeal explicitly appealed from "the District Court's Memorandum and Order entered in this cause on June 8, 1990 in which the Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion to Remand and denied Plaintiff's Motion for Leave to Amend." The notice of appeal did not mention either the award of costs or attorney's fees as such. Because Pope never contested the award of attorney's fees or the large amount thereof, but raised the issue for the first time in the brief filed with this court on September 17, 1990, we need not decide whether the award of costs, and the approval of the amount of the costs including attorney's fees, was appropriate.

Rule 3(c) of the Federal Rules of Appellate Procedure requires that "[t]he notice of appeal shall ... designate the judgment, order or part thereof appealed from." Although a litigant's filings under the rule are liberally construed,[36] and although a filing that presents the functional equivalent of what the rule requires can satisfy its dictates,[37] the court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met."[38] Pope did not meet the requirements of Rule 3(c).

Thus, when an appellant " 'chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal.' "[39]

In *C.A. May Marine Supply Co. v. Brunswick Corp.*,[40] this court evaluated an order disposing of two separate motions,

one for attorney's fees, the other for a new trial. Both were brought before the appellate court by a notice of appeal that mentioned only the judgment on the motion for a new trial. This court refused to consider the issue of attorney's fees, stating:

> Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.... In this situation, because the intent to appeal is not apparent, prejudice to the adverse party is likely to result if review is granted. *Where parts of the judgment are truly independent, there is more likelihood that the designation of a particular part* in the notice of appeal will be construed as an intent to leave the unmentioned portions undisturbed.... *The express mention in the notice of appeal of one part of the order negated any inference of intent to appeal from the order as a whole. We therefore, lack jurisdiction to review the question of the appellant's right to attorney's fees.*[41]

We thus conclude that because Pope's notice of appeal designated appeal from "the District Court's Memorandum and Order ... in which the Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion to Remand and denied Plaintiff's Motion for Leave to Amend," and did not specifically mention the award of attorney's fees, the issue of attorney's fees is not before us.

Those cases that do construe notices of appeal liberally to find jurisdiction do so where it is clear, from the face of the notice, that the appeal intends to raise all

**36.** *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

**37.** *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

**38.** *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285, 291–92 (1988).

**39.** *Ingraham v. United States,* 808 F.2d 1075, 1080 (5th Cir.1987) (quoting *McLaurin v. Fischer,* 768 F.2d 98, 102 (6th Cir.1985)).

**40.** 649 F.2d 1049 (5th Cir. July 1981), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981).

**41.** *Id.* at 1056 (emphasis added, citations omitted).

issues or other parties.[42] By explicitly mentioning the decisions on leave to amend, remand and summary judgment, Pope did not put the court or MCI on notice that she intended to appeal the order awarding MCI its attorney's fees.

The only difference between the instant case and *Brunswick* is that in *Brunswick*, the two orders were entered on the same day, while in the instant case the court's approval of the amount of MCI's costs, and especially the attorney's fees, was issued long after Pope filed her notice of appeal, and long after the entry of the final judgment,[43] although the court's award of costs was recited in the final judgment for MCI.[44] Thus we have no jurisdiction to evaluate the award of attorney's fees.

■ Furthermore, Pope has shown no abuse of discretion[45] by the trial court. Pope failed to do anything to contest MCI's itemized bill of costs including attorney's fees. Local Rule 4 B of the Southern District of Texas provides that a party must oppose a bill of costs within five days of its filing. Because she did not oppose the request for costs including attorney's fees in the court below, Pope may not raise the issue for the first time on appeal.[46] Pope was well aware of MCI's bill of costs and attorney's fees and either simply chose to ignore it, or was completely indifferent to it. This indifference was carried further in her notice of appeal.

■ Finally, we cannot find that the district court abused its discretion in awarding attorney's fees as part of MCI's costs, as permitted by article 5221k. "[A]ttorney's fees, as an element of damages, are a matter of substantive state law."[47] Section 7.01(e) of article 5221k provides that the court may assess costs, and that "[i]n any action or proceeding under this Act, the court in its discretion may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs."[48] This language is virtually identical to the corresponding provision of Title VII.[49]

Like the parties, we find no Texas cases regarding the award of attorney's fees to a prevailing *defendant* under this provision. We therefore look to federal precedent under Title VII for guidance. Under federal law, a prevailing defendant in a Title VII case can recover attorney's fees only upon a showing that the plaintiff filed a frivolous, groundless, unreasonable or bad faith suit.[50]

Pope came to court with untimely claims of discrimination under § 5221k, frivolously and unreasonably ignoring altogether the Texas time limitation. She came with no evidence to support her charge that her discharge was related to the filing of a Workers' Compensation claim; thus her charge was groundless and unreasonable. The district court correctly interpreted the Texas statute in accord with Title VII, and did not abuse the discretion afforded by

**42.** See, e.g., *Scherer v. Kelley,* 584 F.2d 170, 174 (7th Cir.1978), *cert. denied sub nom. Scherer v. Webster,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979).

**43.** See supra, note 5 and accompanying text.

**44.** Id.

**45.** *Alizadeh v. Safeway Stores, Inc.,* 910 F.2d 234, 237 (5th Cir.1990).

**46.** Id. at 239 n. 7 ("The [district] court need consider the nonprevailing plaintiff's financial condition only if that party has first affirmatively, and with sufficient timeliness before the fixing of the amount of the award, expressly requested consideration thereof. . . ."); *Stewart v. Lubbock County, Texas,* 767 F.2d 153, 157 (5th Cir.1985) (affirming an award of attorneys' fees where the nonprevailing party did not respond

to the prevailing party's application for attorneys' fees as required by Local Rule and by the court's order), *cert. denied,* 475 U.S. 1066, 106 S.Ct. 1378, 89 L.Ed.2d 604 (1986).

**47.** *Gulf Union Indus., Inc. v. Formation Sec., Inc.,* 842 F.2d 762, 766 (5th Cir.1988).

**48.** Art. 5221k, § 7.01(e) (Vernon & Supp.1991).

**49.** 42 U.S.C. § 2000e–5(e) (1988) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as a part of the costs. . . .").

**50.** *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

article 5221k in holding that Pope's claims were "frivolous, unreasonable and groundless," and therefore awarding costs including attorney's fees.

The district court was correct in all its rulings.

AFFIRMED.