United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-40895
Summary Calendar

HIBERNIA NATIONAL BANK,

Plaintiff/Appellee,

VERSUS

ROBERT GRAY ROBINSON,

Defendant/Cross-Claimant/Appellant,

VERSUS

WALKER D WEATHERS, Individually and as partner in a law firm;
BECKY J BRYANT, Individually and as employee of a law firm; WADE M
WEATHERS, As partner in law firm; WEATHERS & WEATHERS; CHEROKEE
COUNTY TEXAS; STATE BAR OF TEXAS; JOHN CORNYN,

Cross-Defendants/Appellees.

No. 02-40373

ROBERT GRAY ROBINSON,

Plaintiff/Appellant,

VERSUS

WILLIAM THOMAS GOECKING; JOHN CORNYN, TEXAS ATTORNEY GENERAL;
DAWN MILLER; STATE BAR OF TEXAS,

Defendants/Appellees.

Appeals from the United States District Court
for the Eastern District of Texas
(01-MC-20)

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

After some difficulty, we discern the following from the briefing and the record. Appellant Robert Robinson ("Robinson") and his wife, Becky Robinson, who now uses the name Becky Bryant ("Bryant"), divorced in 1999. Bryant, a legal assistant, was represented in the divorce by her employer, Walker Weathers ("Weathers"). Under the divorce agreement, the couple had joint custody of their one child, a son. The relationship between Robinson and Bryant became acrimonious when Robinson came to believe that Bryant was having an affair with Weathers. At one point, Bryant secretly recorded a telephone conversation with Robinson in which Robinson allegedly blackmailed her.

Bryant petitioned the state court asking to be appointed the sole managing conservator of her and Robinson's son. Bryant asked also for a restraining order against Robinson and damages for slander and libel. At a hearing scheduled for consideration of a

---

[1] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

temporary restraining order, Bryant offered the tape recording as evidence of Robinson's alleged blackmail. The judge overruled Robinson's objections that the tape had been altered. At a second hearing, also scheduled for consideration of a temporary restraining order, the judge decided to issue a permanent injunction against Robinson. Robinson appealed and eventually won dissolution of the restraining order.

Interspersed with these events were complaints by Robinson to the Disciplinary Counsel of the Texas Bar Association regarding various incidents of alleged misconduct by Weathers and other attorneys. None of the complaints resulted in a finding by the Disciplinary Counsel that misconduct had occurred or that discipline was appropriate.

Before the state court appeal was resolved, Robinson petitioned the federal district court under Federal Rule of Civil Procedure 27(a) for an order to perpetuate testimony. Robinson sought to preserve (1) the original tape of the conversation recorded by Bryant, (2) records and videotapes of state bar proceedings dealing with his complaints, and (3) recordings of the restraining order hearings. Robinson alleged that he intended to sue for malicious prosecution and civil rights conspiracy but was unable to file suit until the state appeal terminated in his favor. The district court determined that Rule 27 relief was not appropriate and denied the petition.

We will discuss the two cases consolidated for this appeal

3

separately.

I.

In the first case we are asked to review the district court's denial of the Rule 27 petition.[2] Rule 27 provides for perpetuation of testimony when a petitioner "expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it...." Fed. R. Civ. P. 27(a); <u>Dresser Industries, Inc. v. United States</u>, 596 F.2d 1231, 1238 (5th Cir. 1979).[3] The ruling on a motion to perpetuate is an appealable final order. 28 U.S.C. § 1291; <u>Shore v. Acands</u>, 644 F.2d 386, 388 (1981). We review for abuse of discretion. <u>Id</u>. "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost," <u>Ash v. Cort</u>, 512 F.2d 909, 911 (3d Cir. 1975), and where the "court is satisfied that perpetuation of the testimony may prevent a failure or delay of justice...." Fed. R. Civ. P. 27(a)(3).

---

[2] Though Robinson provided notice of appeal only with respect to the denial of his Rule 27 petition, his brief presents arguments on other issues. When an appellant "'chooses to designate specific determinations in his notice of appeal--rather than simply appealing from the entire judgment--only the specified issues may be raised on appeal." <u>Pope v. MCI Telecommunications Corp.</u>, 937 F.2d 258, 266 (5th Cir. 1991)(citations omitted). Our review is confined to the issue noticed on appeal—the district court's denial of Robinson's Rule 27(a) petition.

[3] The Rule 27 petition applies also to the inspection of documents and things. Fed R. Civ. P. 27(a)(3); <u>See also Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra</u>, 198 F.3d 473, 478 (4th Cir. 1999); <u>Martin v. Reynolds Metals Corp.</u>, 297 F.2d 49, 56 (9th Cir. 1961).

4

The cited impediment to Robinson's filing suit in the federal district court was the pendency of his state court appeal. That appeal was terminated in Robinson's favor on February 28, 2002, seventeen days after entry of the district court's denial of his Rule 27 petition. Thereafter, nothing prevented Robinson from filing his federal suit and using discovery in that proceeding to obtain the evidence he seeks. The ruling on a petition to perpetuate testimony is one of "temporary application. The petitioner is free to seek discovery once the anticipated action has been filed." In re Eisenberg, 654 F.2d 1107, 1112 (1981). Substantial time has passed since the state court of appeals dissolved the permanent restraining order issued by the trial court, thus removing the impediment cited by Robinson in his Rule 27 petition; for a year now, Robinson has been free to file suit and take advantage of the discovery rules, and the Rule 27 order has been unnecessary. We dismiss Robinson's appeal of this issue as moot.

## II.

The second case is only tangentially related to the facts discussed above. It involves an application by Hibernia National Bank to foreclose on a home equity loan taken out by Robinson and Bryant while still married. Hibernia petitioned under Texas Rule of Civil Procedure 736 for an order of foreclosure ("Rule 736 application"). In response to Hibernia's Rule 736 application, Robinson sued several third party defendants, including his now ex-

5

wife, and removed the case to federal court. The district court remanded the case to state court, concluding (1) that Robinson's notice of removal was untimely, and (2) that the court was without jurisdiction because Robinson's petition presented no federal question. Robinson appeals the order of remand.[4]

---

[4] Though the single issue named in Robinson's notice of appeal of this case is the remand, Robinson's brief again presents arguments on other issues, namely the district court's denials of his motion for recusal and his petition to perpetuate testimony pending appeal under Federal Rule of Civil Procedure 27(b). For the reason cited in note 2, supra we decline to review the district court's denial of Robinson's motion for recusal, an issue for which Robinson provided no notice.

The ruling on Robinson's Rule 27(b) petition is an independently appealable final order, see Ash v. Cort, 512 F.2d 909, 910 (3d Cir. 1975), from which Robinson failed to take an appeal. Robinson alleges that he was told by an appellate clerk that no notice of appeal was necessary to obtain review after the district court denied his Rule 27(b) petition. The nature of the Rule 27 order as independently appealable, as well as a reading of Federal Rule of Appellate Procedure 3 and its application in Pope v. MCI, 937 F.2d 258, discussed supra at note 2, demonstrates the patent incorrectness of this assertion. Robinson as a pro se litigant is not "exempt . . . from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Robinson is entitled to no greater rights as a pro se litigant than would be a litigant represented by a lawyer. Id. Even if the error attributed to the clerk by Robinson were within the scope of a court clerk's duties, such as failure to provide notice of the entry of a judgment, Robinson would not be excused from failure to appeal as a result of the error. See Wilson v. Atwood Group, 725 F.2d 255 (1984). Neither is Robinson entitled to rely on erroneous legal advice allegedly received from a court clerk as an excuse for his failure to appeal.

In an abundance of caution, we note that even if Robinson had appealed the denial of his Rule 27(b) petition, the record supports a conclusion of no abuse of discretion by the district court. The Rule 27(b) petitioner must demonstrate that the proposed action would be cognizable in a court of the United States. Dresser Industries, 596 F.2d 1231, 1238 (5th Cir. 1979). The district court determined that it had no jurisdiction over the case. It would not be an abuse of discretion to deny the Rule 27 petition for lack of jurisdiction when the underlying action is not one

The defendant facing a motion of remand has the burden to establish the existence of federal jurisdiction. Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 397 (Tex. 1998). Appellate review of remand orders is prohibited by 28 U.S.C. § 1447(d); however, § 1447(d) makes an exception for cases removed pursuant to 28 U.S.C. § 1443 for alleged civil rights violations.[5] See, e.g., Whitaker v. Carney, 778 F.2d 216 (5th Cir. 1985); State of Texas v. Gulf Water Benefaction Co. 679 F.2d 85, 86 (5th. Cir 1982). Robinson's notice of removal expressly relied on § 1443; therefore, we review the remand under the exception provided in the second clause of § 1447(d).

To gain removal under § 1443, "the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." Id. at 86 (citing Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 1595, 44 L. Ed.2d 121, 128 (1975)). Though Robinson cites § 1443 and makes general statements about the denial of civil rights based on socioeconomic status, he fails to allege that his rights under a statute protecting racial

cognizable in federal court.

[5] Because we decide that removal under § 1443 was improper, we need not decide whether an otherwise proper removal under § 1443 would nonetheless be defeated by the district court's untimeliness determination.

7

equality are denied by the law providing for Hibernia's application for foreclosure. Therefore, removal under § 1443 was improper, and we affirm the district court's remand of the case to state court.

III.

We dismiss Robinson's appeal of case number 02-40373 as moot. Hibernia's motion to dismiss the appeal of case number 02-40895 for lack of jurisdiction is denied. We affirm the district court's remand of case number 02-40895 to state court.

DISMISSED in part; AFFIRMED in part.