# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-50533
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY DEMON GOODMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-180-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Larry Demon Goodman appeals his sentence following his guilty-plea conviction for possession with intent to distribute cocaine. Goodman argues that the district court erroneously calculated the relevant conduct drug amount. He asserts that he is not accountable for 16 kilograms of cocaine. Instead, he contends that he is accountable for less than 15 kilograms of cocaine.

The Government argues that Goodman waived the relevant conduct issue by not listing the issue in his notice of appeal. Goodman contends that his notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal was sufficient and that he intended to appeal the entire judgment. In the notice of appeal, Goodman specifically stated that he was appealing both the "conviction and sentence." Although Goodman mentioned a potential ineffective assistance of counsel claim, he stated it was only "a ground of appeal." This language indicates that Goodman's appeal was not limited to only an ineffective assistance of counsel claim and that Goodman intended to appeal other issues. *See Pope v. MCI Telecomm. Corp.,* 937 F.2d 258, 267-68 (5th Cir. 1991). Thus, this court has jurisdiction over Goodman's relevant conduct claim.

As to the district court's calculation of the relevant conduct drug amount, this court declines to address the issue because any error in the calculation does not require reversal. In one recent precedent, we determined that the district court erred in applying the Guidelines, but also held that "[n]ot all errors in determining a defendant's guideline sentence require reversal." *United States v. Bonilla,* 524 F.3d 647, 655-57 (5th Cir. 2008). The court affirmed the sentence, finding that "because the district court imposed an alternative non-guideline sentence, the advisory sentence did not result from the guideline error and we need not vacate the sentence on that basis." *Id.* at 659.

In this case, the district court explained that even if it had determined that Goodman was responsible for less than 15 kilograms of cocaine, it would have chosen the same 188-month sentence. Because the district court imposed an alternative Guidelines sentence, the advisory sentence was not the result of any Guidelines application error. *See id.* The judgment of the district court is therefore AFFIRMED.