# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

Lyle W. Cayce
Clerk

No. 11-50542
Summary Calendar

XENOS YUEN; JUSTIN YUEN; JONATHAN YUEN

Plaintiffs-Appellants

v.

WELLS FARGO BANK, N.A., as successor in interest to Wachovia Bank, N.A.; WELLS FARGO HOME MORTGAGE, INC.

Defendants-Appellees

Appeal from the United States
for the Western District of Texas, Austin Division
USDC No. 1;11-cv-00312-LY

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

The Plaintiffs-Appellants, Xenos, Justin and Jonathan Yuen, appeal the district court's dismissal of their claims against the defendants. Based on our conclusion that we do not have jurisdiction to consider the issues raised in the appellants' brief we dismiss this appeal.

In this case, which was removed from Texas state court, the Yuens challenge defendant Wells Fargo's foreclosure of the mortgage on their property.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50542

After removal, Wells Fargo filed a Motion to Dismiss which the district court granted, issuing final judgment of dismissal on May 17, 2011. The Yuens filed a Motion for Reconsideration under Rule 60(b) on May 31, 2011. The district court denied that motion on June 14, 2011. The Yuens filed a Notice of Appeal on June 15, 2011 appealing "the final judgment entered in this action on the 17th day of May, 2011."

Although their Notice of Appeal references only the final judgment issued on the defendants' Motion to Dismiss, in the brief filed to this court the Yuens do not argue the merits of that order. Rather, their arguments are directed at the district court's denial of their Motion for Reconsideration. Rule 3(c) of the Federal Rules of Appellate Procedure require that the Notice of Appeal must "designate the judgment, order or part thereof being appealed." The Notice of Appeal filed by the Yuen's did not designate the district court's denial of the Motion for Reconsideration as an order being appealed.

> Where the appellant notices the appeal of a specified judgment only or a part thereof, . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.

*Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627 (5th Cir. 1994), quoting *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 266 (5th Cir. 1991), *cert. denied,* 112 S.Ct. 1956 (1992). The timing and nature of the district court's orders and the notice of appeal in *Capital Parks* are indistinguishable from the facts of this case. We conclude that because the Yuen's Notice of Appeal did not specifically mention the district court's ruling on its Motion for Reconsideration, the merits of that order are not properly before us.

Accordingly, this appeal is DISMISSED.

2