Octzavius WEAVER, Plaintiff-Appellant,

v.

Roderick EVANS; Luretta Adams, Defendants-Appellees.

No. 17-60024

Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 22, 2018

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

338

Octzavius Weaver, Pro Se

Benny McCalip May, Esq., Office of the Attorney General for the State of Mississippi, Jackson, MS, for Defendants-Appellees

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Octzavius Weaver, Mississippi prisoner # 85950, appeals the jury verdict in his 42 U.S.C. § 1983 action, in which the jury found that Roderick Evans and Luretta Adams did not use excessive force against Weaver. With the benefit of liberal construction, Weaver argues that the jury erred by finding in favor of Evans and Adams because Weaver's testimony shows that Evans beat him without provocation and that Adams failed to intervene.

The district court had previously denied summary judgment in favor of Evans and Adams, and, as such, Weaver's claims against them proceeded to trial. The district court granted summary judgment on Weaver's claims against three other defendants. Despite the foregoing, Weaver confusingly further asserts that the district court erred by granting summary judgment in favor of Evans and Adams.

It is neither clear nor apparent that Weaver intended to appeal the granting of the summary judgment, as his notice of appeal references the jury verdict, the date of the trial, and three alleged trial errors. See C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981) (per curiam); FED. R. APP. P. 3(c)(1)(B). His appellate brief specifically addresses his claims against Evans and Adams and completely fails to mention the three defendants who were dismissed via summary judgment, his claims against those three defendants, or the district court's dismissal of those claims. Thus, we lack jurisdiction to address any appeal of the district court's grant of summary judgment. See Pope v. MCI Telecomms. Corp., 937 F.2d 258, 266 (5th Cir. 1991).

With regard to the sufficiency of the jury verdict, Weaver has failed to provide a transcript as required by Rule 10 of the Federal Rules of Appellate Procedure. See FED. R. APP. P. 10(b); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992) (per curiam), superseded by statute on other grounds as recognized by Diaz v. Collins, 114 F.3d 69 (5th Cir. 1997). We have the discretion to dismiss an appeal if the appellant fails to provide a transcript. See RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1289 (5th Cir. 1995) (citing Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal based on sufficiency of the evidence because appellant failed to include a transcript)), overruled on other grounds as recognized by In re Ritz, 832 F.3d 560 (5th Cir. 2016). We cannot review the jury's verdict without the trial transcript. Because Weaver has failed to produce the transcript of the trial, we decline to review the jury's verdict. See Richardson, 902 F.2d at 415-16. The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.