# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2019

Lyle W. Cayce
Clerk

CHERI LABLANCHE,

Plaintiff−Appellant,

versus

SPRING INDEPENDENT SCHOOL DISTRICT; YORK RISK SERVICES;
TEXAS DEPARTMENT OF INSURANCE
  DIVISION OF WORKERS COMPENSATION;
KEN PAXTON,
  Attorney General of the State of Texas in his Official Capacity, Only,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:16-CV-3103

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Cheri LaBlanche appeals, *pro se*, the judgment dismissing her 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20698

§ 1983 complaint following orders granting motions to dismiss. This court does not have jurisdiction to review claims that "are not expressly referred to and which are not impliedly intended for appeal." *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991). The caption in the notice of appeal does not contain the names of the Texas Attorney General Ken Paxton and the Texas Department of Insurance Division of Workers' Compensation ("TDI-DWC"), and the notice does not specify that LaBlanche is appealing the order dismissing the complaint against those defendants. Therefore, the appeal of the dismissal of her claims against the Texas Attorney General and TDI-DWC, based on Eleventh Amendment immunity, is DISMISSED for want of appellate jurisdiction. *See C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981) (per curiam).

LaBlanche contends that the Spring Independent School District ("Spring") and York Risk Services ("York") deprived her of her Fourteenth Amendment right to procedural due process because they have not paid her or her doctors in accord with a DWC Commissioner's order of August 15, 2015. This court reviews *de novo* the grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Spring and York correctly maintain that LaBlanche's amended complaint failed to identify a procedural infirmity in the workers' compensation process that raised a plausible claim that she was denied procedural due process with respect to a protected property interest. LaBlanche failed to

2

demonstrate that she has a protected property interest in receiving further workers' compensation income or medical benefits because the August 2015 Commissioner's order that she relies on was reversed in later administrative proceedings. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972). Her pleadings reflect that she had a meaningful opportunity to present her claims to a hearing officer and that a DWC Appeals Panel considered and reviewed the hearing officer's determination. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). LaBlanche's complaint fails to state a Fourteenth Amendment claim based on the denial of procedural due process. Thus, the judgment of dismissal is AFFIRMED. *See Iqbal*, 556 U.S. at 678.

LaBlanche's motion to file a supplemental reply brief is GRANTED, but we decline to review the newly raised arguments. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). LaBlanche's motion for injunctive relief is DENIED. *See Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993).