# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

No. 23-60031
Summary Calendar

———————————

John Milton Saquing,

*Plaintiff—Appellant*,

*versus*

Jeworski Mallett, *Acting Commissioner, Mississippi Department of Corrections*; Gloria Perry, *Medical Director, Mississippi Department of Corrections*; One Unnamed Physician, *Medical Doctor*; Ronald Ellzy Woodall, *South Mississippi Correctional Institution Medical Director*; One Unnamed Director, *of Wexford Medical*; Wexford Medical, *as an entity*; One Unnamed Director, *of Centurion Medical*; Centurion Medical, *as an entity*; John Doe, *Director of Records*; Governor Tate Reeves, *in his official capacity*,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-182

———————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

No. 23-60031

Per Curiam:[*]

John Milton Saquing, Mississippi prisoner # 114935, appeals the dismissal of his Section 1983 complaint for failure to exhaust administrative remedies. He also challenges the denial of his motions to issue subpoenas, to amend or supplement his complaint to add new defendants and claims, and to appoint counsel. He requests leave to file a reply brief out of time, which is GRANTED, and to strike the appellees' letter brief, which is DENIED.

We review a dismissal on "summary judgment *de novo*, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). The Prison Litigation Reform Act ("PLRA") does not allow an inmate to file a Section 1983 complaint "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Saquing's argument, liberally construed, is that the Administrative Remedy Program ("ARP") provided by the Mississippi Department of Corrections ("MDOC") was not a legitimately available remedy. *See Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

As part of the ARP, Saquing filed the relevant grievance in January 2020, raising claims of deliberate indifference to his serious medical needs and requesting monetary, injunctive, and declaratory relief. The ARP rejected this grievance because the program was not empowered to award monetary damages. The ARP was not unavailable simply because monetary relief was unavailable. *Valentine v. Collier*, 978 F.3d 154, 161 (5th Cir. 2020). Because ARP remedies were "available" under the PLRA, Saquing was required to file a corrected grievance within five days of receiving the rejection per ARP rules. *See id.* He did not do so.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

As to his requests for declaratory and injunctive relief, Saquing's lack of understanding of the ARP does not excuse his failure to exhaust administrative remedies. *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). Saquing suggests his failure to exhaust should be excused for equitable reasons, but exhaustion under the PLRA is mandatory. *Valentine*, 978 F.3d at 161–62. Saquing also contends that he did not have Internet access, a physical copy of the MDOC's Inmate Handbook, or any instructions on how to remedy his rejected grievance. *See Ross*, 578 U.S. at 643–44. The record demonstrates, however, that Saquing requested and received a current copy of MDOC's Standard Operating Procedure 20-08, which explained the ARP procedures. *See Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022). Accordingly, the district court did not err by granting summary judgment to the defendants. *See id.* at 832–33. Further, the district court did not err by dismissing the case with prejudice because any grievance related to the allegations in the complaint would be untimely pursuant to the ARP. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

Regarding Saquing's challenges to the denial of his motions to amend his complaint, to issue subpoenas, and to appoint counsel, the defendants assert that we lack jurisdiction because Saquing failed to designate these specific orders in his notice of appeal, which cited only the order granting summary judgment. *See Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991). With liberal construction, however, it is clear that Saquing intended to appeal the entire case, so we have jurisdiction to consider the final judgment and any orders issued prior to it. *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1147–48 (5th Cir. 1992).

In his motions to join new defendants, Saquing failed to allege that the proposed defendants were personally involved in or causally connected to the deprivation of any constitutional right. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Moreover, as to the proposed defendants VitalCore

Health, the VitalCore CEO, and two MDOC doctors, Saquing failed to allege any specific actions undertaken by any specific proposed defendant or affiliated person. *See id.* (requiring personal involvement or a "causal connection" between a constitutional violation and a defendant's actions for liability). Therefore, the district court did not abuse its discretion by denying leave to supplement the complaint with such futile claims. *See Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012).

Concerning Saquing's appeal of the denial of his motions to issue subpoenas, the materials sought were "unreasonably cumulative or duplicative" to the extent that he sought discovery of his medical records from MDOC and the Southern Eye Center. FED. R. CIV. P. 26(b)(2)(C)(i). As to the subpoenas directed at Centurion Medical and VitalCore, the requested contracts between MDOC and those entities were irrelevant to Saquing's claims of deliberate indifference to his serious medical needs. FED. R. CIV. P. 26(b)(1), (b)(2)(C)(iii). Additionally, Saquing did not state, either in the district court or on appeal, how the discovery sought would have changed the nature of his complaint. Accordingly, the district court did not abuse its discretion by denying the motions to issue subpoenas. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

Finally, addressing the denial of Saquing's numerous motions for appointment of counsel, the district court did not abuse its discretion by finding that he failed to demonstrate exceptional circumstances. *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023). To the extent Saquing challenges the district court's refusal to appoint a fellow inmate as counsel, his arguments fail. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021–22 (5th Cir. 1998). AFFIRMED.