Susan A. ALIZADEH,
Plaintiff–Appellant,

v.

SAFEWAY STORES, INC.,
Defendant–Appellee.

No. 89–2441.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1990.

Rehearing Denied Sept. 24, 1990.

David T. Lopez, Lopez & Associates, Houston, Tex., for plaintiff-appellant.

Ben A. Baring, Jr., Charles E. Fitch, De Lange, Hudspeth, Pitman & Katz, Houston, Tex., for Safeway Stores, Inc.

Before GOLDBERG, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Susan A. Alizadeh (Alizadeh) appeals a final judgment of the district court, which, in accordance with a jury verdict, ruled against Alizadeh in her civil rights suit brought against Safeway Stores, Inc. (Safeway), pursuant to 42 U.S.C. § 1981, and ordered that she pay Safeway attorneys' fees of $33,750.13 under 42 U.S.C. § 1988. On her appeal, Alizadeh challenges only the award of attorneys' fees. We affirm in part, vacate in part, and remand for the district court to consider Alizadeh's financial circumstances when fixing the amount of the attorneys' fees award.

## Facts and Proceedings Below

In August 1983, Safeway fired Alizadeh, a cashier at one of its supermarkets, following allegations by the store manager that a videotape from a surveillance camera revealed Alizadeh stealing money from a cash register. Alizadeh contended that her dismissal was actually a result of the manager's racial prejudice against her husband, an Iranian national. She asserted in her complaint that two weeks prior to her discharge, her manager approached her husband "[i]n an open display of racial hatred and prejudice."

Following the discharge, Alizadeh enlisted the assistance of her union. It filed a grievance, but, after viewing the videotape, withdrew the grievance and did not seek arbitration.

Alizadeh and her husband sued Safeway and the union, asserting claims against both under the Labor Management Relations Act, 29 U.S.C. § 185, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Alizadeh has been represented by counsel throughout the course of this litigation. The district court granted the summary judgment motion of the union and Safeway as to both claims; however, a panel of this Court vacated the summary judgment with regard to Alizadeh's section 1981 action and remanded. *See Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111 (5th Cir.1986). Following a jury finding favoring Safeway, the district court held that Safeway was entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988, finding that Alizadeh's suit was "frivolous, unreasonable and without foundation." The court permitted Safeway ten days to provide supporting documentation and Alizadeh ten days to respond. Safeway filed a "Motion to Fix Amount of Attorneys' Fees," which Alizadeh then countered with her "Memorandum in Opposition to Defendant's Motion for Attorneys' Fees and Request for Reconsideration." Subsequently, the dis-

trict court issued its order and reasons determining that Alizadeh should pay $28,-766.75 in Safeway's attorneys' fees and $4,983.38 in its expenses. Final judgment was entered in accordance therewith. Alizadeh timely filed a notice of appeal.

## Discussion

Alizadeh, though making no complaint as to the judgment on the merits, presents several issues on appeal concerning the attorneys' fees award. We will take each in turn.

### I. *Due Process and the Award of Attorneys' Fees*

■ Alizadeh contends that the district court violated her due process rights by not ordering Safeway to plead with specificity its claims for attorneys' fees and by failing to explicate the specific grounds on which its ruling was based, thus denying her notice of those grounds from which she could "formulate a specific response." Alizadeh also maintains that the court should have held "a hearing on the record" at which she could have demonstrated that her claim was not frivolous. As authority for her contention, Alizadeh cites dicta from *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), a case about the imposition of sanctions under 28 U.S.C. § 1927 and Fed.R.Civ.P. 37 in which the Court stated that "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Id.* 100 S.Ct. at 2464 (footnote omitted).

Alizadeh notes that the district court did not actually explain the reasoning for its attorneys' fees ruling [1] until it issued its order and final judgment, in which it referred to the videotape showing Alizadeh taking money from the cash register and stated that no credible evidence existed demonstrating that her dismissal had resulted from prejudice toward her husband. Nevertheless, the court's ruling could not have come as a surprise to Alizadeh. Safe-

way raised the issue of its recovery of attorneys' fees as early as in its "First Amended Original Answer and Counterclaim," in which Safeway asserted that Alizadeh's actions were "frivolous, unreasonable and/or without foundation." Alizadeh was again on notice of Safeway's position regarding attorneys' fees as a result of the Joint Pretrial Order, of which both parties were signatories. The order's last contested issue of law was "[w]hether Safeway is entitled to recover reasonable attorney's fees and costs from Plaintiff." The foregoing demonstrates that the attorneys' fees issue was always before the trial court—a fact, we must conclude, of which Alizadeh was always aware.

■ The court's failure to hold a hearing before ruling on the imposition of attorneys' fees also did not work to violate Alizadeh's due process rights. In the context of Rule 11 sanctions, authority exists for the proposition that a hearing is unnecessary when " 'the judge's participation in the proceedings provide[s] him with full knowledge of the relevant facts,' " *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) (quoting Fed.R.Civ.P. 11 advisory committee's note), "and little further inquiry [is] necessary." Fed.R.Civ.P. 11 advisory committee's note; *see* 2A J. Moore, J. Lucas, & G. Grother, *Moore's Federal Practice* ¶ 11.02[4] (2d ed.1989). Further, a hearing is warranted when it "would significantly assist the alleged offender in the presentation of his or her defense." 5 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* at 239 (1989 supp.). Generally, there is less reason for a special post-merits hearing on entitlement to attorneys' fees under section 1988 than there is under Rule 11. In this case, a hearing prior to the court's ruling on whether Safeway was entitled to any section 1988 fees pursuant to its request was unnecessary because all the information upon which the ruling would be based was already before the court. Nothing Alizadeh points to demonstrates the necessity of

---

1. The court awarded attorneys' fees under 42 U.S.C. § 1988, which provides that "[i]n any action or proceeding to enforce a provision of section[ ] 1981 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

a further hearing on entitlement to fees. Consequently, the failure to hold such a hearing did not deprive Alizadeh of due process of law.[2]

## II. Was Alizadeh's Claim Frivolous and Unreasonable?

Alizadeh maintains that the district court erred in finding that her suit was frivolous and unreasonable under the standard of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). However, she has failed to provide this Court with a transcript of the trial proceedings. Because Alizadeh contends that the court's finding in this respect was unsupported by the evidence, she had the burden of including in the record a transcript of the evidence pertinent to the finding in question. Fed. R.App.P. 10(b)(2); *see, e.g., Archie v. Christian*, 812 F.2d 250, 252 (5th Cir.1987). Alizadeh asserts in her brief to this Court that she did not furnish a transcript because she could not afford to do so. Rule 24, Fed.R.App.P., permits a party to seek to appeal *in forma pauperis*. Alizadeh chose not to take this route, and, significantly, never moved here or below to have a free transcript provided[3]; as a result, there is no excuse for her failure to provide this Court with a transcript of the trial from which the challenged finding arose. Alizadeh's statement of issues under Fed. R.App.P. 10(b)(3) does not substitute for a transcript when one is necessary to resolve the issues, as it is here. Rule 10(b)(3) provides only for a statement of the issues, not of the evidence. *Cf. Richardson v. Henry*, 902 F.2d 414 (5th Cir.1990) (financial inability to provide transcript does not make transcript unavailable within meaning of Fed.R.App.P. 10(c)). We therefore do not pass on Alizadeh's contention in this regard.

## III. Attorneys' Fees for the Appeals

Alizadeh next contends that because Safeway did not prevail in the initial appeal on the section 1981 issue, the district court should not have granted Safeway the $6,500 in attorneys' fees it spent on that appeal. Citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), she in essence maintains that the recent trial in which Safeway was victorious was a separate proceeding from the earlier appeal in which the summary judgment in its favor was partially reversed and remanded for trial, and that that fact is controlling. *Hensley*, however, asserts only that an award of attorneys' fees cannot include the amount expended by a party on an unsuccessful claim that involves different facts and theories from the one on which the party prevailed. *Id.* 103 S.Ct. at 1940. The two proceedings to which Alizadeh refers involved only two claims, the section 1981 claim and the 29 U.S.C. § 185 claim. As to each of these claims, Safeway was ultimately the prevailing party in all respects. Alizadeh was never awarded any relief against Safeway. Therefore *Hensley* does not support Alizadeh's assertion. *See Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

Reviewed under an abuse of discretion standard, *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir.1986), the court's fee award must be reasonable to survive appeal. *Hensley*, 103 S.Ct. at 1939. Even though Safeway did not prevail in the initial appeal itself, it did ultimately prevail on the merits in the litigation, an integral stage of which was the initial appeal. Con-

---

**2.** Although Alizadeh seems to seek a hearing to challenge the propriety of any award rather than its amount, we note that the latter type hearing was not required here because both parties had the opportunity to, and in fact did, submit detailed motions explaining their positions on the amount of the award. Additionally, there is nothing to indicate that special circumstances required any further sort of hearing; nor does (or did) Alizadeh point to any such special factors. *See Konczak v. Tyrrell*, 603

F.2d 13, 19 (7th Cir.1979); *see also Gulf Union Indus., Inc. v. Formation Sec., Inc.*, 842 F.2d 762, 767–68 (5th Cir.1988) (hearing warranted if sanctioned party not given opportunity to present evidence against amount claimed).

**3.** Alizadeh's transcript order form filed in the district court states merely "Transcript is unnecessary for appeal purposes."

sequently, the district court's determination that the prevailing party should receive an award that includes attorneys' fees for the entire course of the litigation of the section 1981 claim was not unreasonable and, therefore, not an abuse of discretion.[4]

## IV. The Attorneys' Fees Award and Alizadeh's Ability to Pay

Alizadeh argues that the district court abused its discretion by not considering her impecunious circumstances when setting the attorneys' fees award.[5]

Section 1988 gives the district court the discretion to award the prevailing party "a reasonable attorney's fee as part of the costs." The Supreme Court has never intimated that a party's financial condition is a proper factor to consider in determining *whether* to award attorneys' fees against that party[6]; nor has this court. We hold it is not. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 n. 5 (9th Cir.1987); *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982).

Further, deterring suits without reasonable foundation, a purpose of the attorneys' fees provision, *Christiansburg Garment Co.*, 98 S.Ct. at 700, is not subserved by creating an exception for frivolous suits by the impecunious. However, several courts of appeals have ruled that in appropriate circumstances a district court should consider a nonprevailing plaintiff's inability to pay when determining *the amount* of the attorneys' fees to be awarded against that party. *See generally Miller* at 621; *Munson v. Friske*, 754 F.2d 683, 697–98 (7th Cir.1985); *Charves v. Western Union Telegraph Co.*, 711 F.2d 462, 465 (1st Cir. 1983); *Durrett* at 917; *Faraci v. Hickey–Freeman Co., Inc.*, 607 F.2d 1025, 1028 (2d Cir.1979). We have not been cited to, nor has our own research disclosed, any contrary authority.

In *Knighton v. Watkins*, 616 F.2d 795 (5th Cir.1980), we had occasion to consider the issue in respect to a nonprevailing defendant. There, plaintiff, a prisoner, settled his section 1983 lawsuit with defendants, officials of the Mississippi Department of Corrections. The court considered

---

**4.** In this regard, Alizadeh also argues that she should be awarded attorneys' fees for this appeal for successfully defending against the imposition of attorneys' fees, and for the first appeal, all, as she says in her brief, "assuming, of course, that she will prevail in this appeal." We reject these contentions. For the reasons explained in the text, Alizadeh is not a prevailing party on the merits. *See Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Assuming without deciding that one not a prevailing party on the merits can be a prevailing party so as to be entitled to section 1988 attorneys' fees for successfully resisting the imposition of attorneys' fees thereunder, we hold that Alizadeh is not a prevailing party on Safeway's claim for attorneys' fees because we hold that Safeway is entitled to recover attorneys' fees from Alizadeh (although we direct the district court to reconsider the amount thereof because the court apparently regarded Alizadeh's claim of poverty and resultant inability to pay anything near the amount in question as irrelevant to the amount to be awarded).

**5.** Alizadeh included with her "Memorandum in Opposition to Defendant's Motion for Attorney's Fees and Request for Reconsideration" her affidavit in which she attested to her extremely limited financial circumstances, which appears

to indicate that neither she nor she and her husband could, or had any reasonable prospects of becoming able to, pay anything close to the $33,750.13 in attorneys' fees and expenses sought by (and ultimately awarded to) Safeway. In its order, the district court did not explicitly state whether or not it took into account Alizadeh's financial circumstances when determining the amount of the fee award. However, we infer it did not as the court did not mention financial circumstances but did state that the award takes into account the factors it is required to consider under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Financial condition of the parties is not a *Johnson* factor. No other relevant authority was cited by the district court.

**6.** The Court has suggested that attorneys' fees awards are not always purely compensatory in nature. *See Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 944–45, 103 L.Ed.2d 67 (1989) (section 1988 award neither necessarily limited to nor need be as large as amount provided in party's contingent fee arrangement); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 1545–47, 79 L.Ed.2d 891 (1984) (award to be calculated according to prevailing market rates rather than according to the cost of providing legal services).

plaintiff to be a prevailing party and ordered defendants to pay his attorneys' fees. On appeal, defendants argued that the district court should have reduced the award because of their difficult financial condition. The *Knighton* Court observed, "we are not prepared to say that" a non-prevailing defendant's financial condition "is totally irrelevant" to setting the amount of the award, and went on to rule that, "[c]onsidering the relatively modest sums involved," the district court correctly "refused to reduce the fees on account of the defendants' financial problems." *Id.* at 799–800.

█ Setting an attorneys' fees award that is clearly wholly beyond any present or prospective ability of the losing party to pay has little tendency to advance section 1988's general goal of compensating the prevailing party for legal expenses incurred as a result of the litigation. *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5913. We hold that the financial condition of a nonprevailing plaintiff charged with attorneys' fees under section 1988 is a factor that, although not controlling, a court should consider when fixing the amount of such an award.[7] However, we do not now address whether or to what extent such a factor should be considered where the suit has been brought in actual bad faith or malice.[8] *Cf. Christiansburg Garment Co.*, 98 S.Ct. at 701 (bad faith suit provides very strong basis for charging party with attorneys' fees); *Faraci*, 607 F.2d at 1028 (plaintiff's vindictiveness is factor to weigh when setting attorneys' fees award). Because it appears that the district court did not at all consider Aliza-

deh's financial condition when fixing the amount of the attorneys' fees award, *see* note 5, *supra*, we remand for such a consideration.

### Conclusion

We affirm the district court's judgment that Alizadeh take nothing from Safeway on the merits, that Safeway is entitled to an award of attorneys' fees under section 1988 in respect to all proceedings in this case through the district court's March 23, 1989 judgment herein, and that Alizadeh is not entitled to any attorneys' fees recovery from Safeway in respect to any of said proceedings. We likewise hold that Alizadeh is not entitled to recover any attorneys' fees in respect to the present appeal. We vacate so much of the district court's judgment as fixes the amount of Safeway's attorneys' fees and remand for reconsideration (and possible taking of additional evidence, affidavits, or the like, should the district court deem it desirable for this purpose) of the amount of such fees in light of Alizadeh's claimed limited financial resources and inability to pay.

AFFIRMED in part, VACATED in part, and REMANDED.

---

7. The court need consider the nonprevailing plaintiff's financial condition only if that party has first affirmatively, and with sufficient timeliness before the fixing of the amount of the award, expressly requested consideration thereof in that connection and has supported that request with adequately detailed and comprehensive affidavits or similar "evidence"; the party against whom the attorneys' fees are to be assessed will bear the burden of going forward and of persuasion in this respect.

8. Nor do we now address whether or under what circumstances a nonprevailing defendant's financial condition may be weighed in charging that party with attorneys' fees under section 1988. We note, however, that civil rights defendants, such as individual law enforcement officers, school principals, and many others, are often not at all wealthy and, like many plaintiffs, may be of very limited financial means.