983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry SMITH, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 92-5516.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Henry Smith, a Kentucky citizen, appeals from the judgment for defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith alleged in this action that defendant had failed to hire him on the basis of his race. A bench trial was held before a magistrate judge on consent of the parties, and judgment was entered for the defendant. Smith, who had been represented by counsel below, then moved for pauper status on appeal pursuant to Fed.R.App.P. 24. The motion was denied. Smith did not renew his motion in this court, but paid the filing fee. In his brief on appeal, he argues that the magistrate judge misapplied the law and that the judgment is not supported by substantial evidence. He also requests the appointment of counsel and a transcript at government expense on financial grounds.
 
 
 4
 Upon review, it is concluded that the magistrate judge correctly applied the law in this case in determining that Smith had failed to establish that the nondiscriminatory reason articulated by the defendant for failing to hire Smith was pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981). To the extent Smith challenges the factual findings of the magistrate judge, he has failed to carry his burden of establishing error due to his failure to provide the court with the transcript. See Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 237 (5th Cir.1990).
 
 
 5
 Accordingly, the judgment for defendant is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.