991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sierra F. KIRTLEY, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 92-3594.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Sierra F. Kirtley appeals the judgment entered for defendant following a bench trial in this employment discrimination case filed under 42 U.S.C. § 2000e, et seq., and for review of a decision of the Merit Systems Protection Board filed under 5 U.S.C. § 7703(c)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kirtley filed her complaint in the district court alleging that she was fired from her management position with the U.S. Postal Service for racially and sexually discriminatory reasons. The action proceeded to a bench trial before the magistrate judge by consent pursuant to 28 U.S.C. § 636(c). Following trial, the magistrate judge made findings of fact, conclusions of law and entered judgment for defendant.
 
 
 4
 On appeal plaintiff takes general issue with a number of the findings of fact entered by the magistrate judge. Generally, findings of fact are reviewed on appeal only for clear error. Fed.R.Civ.P. 52(a). Clear error will be found only when, although evidence exists to support a finding of fact, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Even greater deference is required when the findings of fact rest upon credibility determinations. See Anderson, 470 U.S. at 575. "(W)here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574. Moreover, findings of fact must be presumed correct where, as here, a transcript has not been provided on appeal. See Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 976 (10th Cir.1991); Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 237 (5th Cir.1990). Here, plaintiff simply cannot show clear error.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S.District Judge for the Eastern District of Kentucky, sitting by designation