**Thomas BROWN, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,**
**Defendants–Appellees.**

No. 01–2701.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

Thomas Brown, a Michigan state prisoner, appeals pro se the judgment entered on a jury verdict in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown originally filed a complaint naming numerous defendants, all employees of the Michigan Department of Corrections, and asserting a number of claims of violations of his constitutional rights. The district court entered summary judgment for defendants. On appeal, this court affirmed in part and vacated and remanded in part the summary judgment (Case No. 98–1587). On remand, all the claims and defendants were eventually dismissed except for one claim of excessive force against one defendant. This remaining claim was presented to a jury, which found for defendant, and judgment was entered accordingly.

On appeal, Brown requests the appointment of counsel and argues that the district court failed to comply with the Americans with Disabilities Act, because the courtroom was not wheelchair accessible. He also argues that counsel for defendant prejudiced the jury against him by going into more detail about his conviction than had been determined by the district court to be admissible in resolving his motion in limine.

Upon consideration, we conclude that the judgment on the jury verdict must be affirmed, as Brown has presented no basis for overturning the judgment. His argument that the courtroom was not wheelchair accessible lacks any explanation of how this may have affected the outcome of the trial. He also argues that defense counsel prejudiced the jury by introducing details of his conviction. Generally, evidence of a conviction is admissible under Fed.R.Evid. 609 for attacking the credibility of a witness. To the extent that Brown argues that more details were admitted than the district court had permitted in resolving his motion in limine, the lack of a transcript prohibits the court from reviewing this claim. Brown ordered the transcript but did not make arrangements to pay for it, or move for a free transcript. Therefore, the court is unable to resolve any issues that would require reference to the transcript. *Alizadeh v. Safeway Stores, Inc.,* 910 F.2d 234, 237 (5th Cir. 1990); *Turnbull v. Wilcken,* 893 F.2d 256, 258 (10th Cir.1990).

Because Brown has identified no basis for overturning the jury's verdict on appeal, the judgment below is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.