IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10181
Summary Calendar
_____

In The Matter Of: GASTON A. SHUMATE,

Debtor.

BKS PROPERTIES; BERNADENE KAY SHIRLEY; PETER B. BARTHOLOW;
VICTORIA M. BARTHOLOW; THEODORE O. BARTHOLOW, JR.; MOLLY W.
BARTHOLOW; JOSEPH COLVIN, independent executor of the
estate of Henry Seals, deceased and Henry Seals, Trustee;
FIRST AMERICAN TITLE INSURANCE COMPANY OF TEXAS; CONTINENTAL
CASUALTY COMPANY; BENJAMIN KNITTEL; SCOTT MOORING; BLACKMON
MOORING, INC.; BMS ENTERPRISE, INC.; NANCY S. MILLER,

Appellees,

versus

GASTON A. SHUMATE,

Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
USDC No. 3:97-MC-105-X
_____

September 30, 2002

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Debtor-appellant Gaston A. Shumate, appearing pro se, appeals

a final order of the district court finding him in contempt of

court for knowingly and deliberately violating an order entered in

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

this case by the United States Bankruptcy Court on October 29, 1997 (hereafter the "1997 Memorandum Order"). The 1997 Memorandum Order, which was approved by the district court and affirmed by this Court, enjoined Shumate from continuing to file lawsuits challenging the settlement approved in Shumate's bankruptcy proceeding in 1992. Nevertheless, Shumate filed two lawsuits against the same parties involved in his bankruptcy concerning the same property at issue in that proceeding. The appellees moved to enforce the 1997 Memorandum Order, and the district court granted their motion based on a very detailed report and recommendation from the bankruptcy court. The district court awarded appellees additional attorneys' fees; ordered Shumate incarcerated until those sanctions are paid; suspended the incarceration "contingent upon Shumate not commencing any judicial or administrative proceeding" against the various defendants in the two lawsuits that violated the 1997 Memorandum Order; and directed the clerk of the district court and the clerks of all other courts not to accept for filing any paper submitted by Shumate (except for papers related to an appeal of the contempt order) until he pays the additional sanctions. Id. at 2-3.

We have reviewed the record and the briefs of the parties and we find no error in the findings or conclusions of either the district court or the bankruptcy court. The only serious question in this case is whether Shumate's appeal is frivolous.[1] See Fed R.

_____

[1] The appellees request that this Court award them an additional $5,000, double costs, or such other amount as the Court

App. P. 38; Fifth Circuit Rule 42.2. We find that Shumate's appeal is frivolous. Shumate has spent the last decade filing meritless lawsuits in various courts in a vain and vexatious attempt to re-litigate the settlement approved in his bankruptcy proceeding. As we noted in a prior appeal in this case, the courts have shown admirable patience with Shumate, but patience must have reasonable limits. This is Shumate's seventh appearance before this Court, and he has exhausted our patience with this most recent frivolous appeal. Shumate's brief is convoluted, unsupported by a complete transcript of the contempt proceedings below, and full of irrelevant and inaccurate statements about his case.[2] Although we liberally construe briefs filed by pro se litigants, we still require them to be non-frivolous and in compliance with the Federal Rules of Appellate Procedure. See, e.g., Douglass v. United

---

deems to be "just damages" under Rule 38 of the Federal Rules of Appellate Procedure. See Appellee's Brief at 26-30. We treat this request as a motion filed pursuant Rule 38.

   [2] We note that at least a partial transcript of the October 23, 2001 bankruptcy hearing on appellee's motion to enforce was prepared and included in the record. Shumate initially requested a full transcript of the hearing at government expense from the district court and, subsequently, from this Court, but both courts denied this request. In his brief to this Court, Shumate formally abandons his request for a transcript because he thinks the request is "moot." See Brief of Appellant at 13. It is unclear why Shumate thinks his request for a transcript is moot, but a complete transcript of the relevant proceedings below is a necessary part of the record on appeal if the appellant seeks to challenge the findings of the court below as unsupported by the evidence. See Fed. R. App. P. 10(a)-(b); Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 237 (5th Cir. 1990). Shumate's decision not to provide this Court with a complete transcript and to abandon his request for a transcript at government expense alone might justify this Court's decision to dismiss his appeal. Id.

Services Auto. Ass'n, 65 F.3d 452, 455 n.4,. (5th Cir. 1995) (en banc).  In the past, we have levied sanctions upon pro se parties who abused the judicial process. See, e.g., Vinson v. Texas Bd. of Corrections, 901 F.2d 474 (5th Cir. 1990).  Similar action appears to be warranted here.

Accordingly, Shumate's appeal is  DISMISSED in its entirety, and IT IS ORDERED that Shumate respond to the appellee's request for damages and costs and show cause why this Court should not enter an order imposing sanctions on him for his frivolous appeal within fourteen days of the entry of this decision.

APPEAL DISMISSED;

APPELLANT ORDERED TO SHOW CAUSE.