**Daniel HORACEK, Plaintiff–Appellant,**

v.

**OAKLAND COUNTY SHERIFF'S DE- PARTMENT, Officer John W. Haw- key, Officer Richard John Ryan, Detective A. Spencer, Defendants– Appellees.**

No. 03–1285.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

Daniel Horacek, Pro se, Parnall Correctional Facility, Jackson, MI, for Plaintiff– Appellant.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

### ORDER

Daniel Horacek, a Michigan state prisoner, appeals pro se the judgment on a jury verdict in a case alleging civil rights violations under 42 U.S.C. § 1983, and state torts. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Horacek filed a complaint against the Oakland County Sheriff's Department and three sheriff's deputies. He alleged that, on April 30, 1999, he had been subjected to false arrest, false imprisonment, excessive force, malicious prosecution, and assault. The county sheriff's department was granted summary judgment. The district court appointed counsel to represent Horacek at a jury trial against the remaining three defendants. At the conclusion of the trial, the jury returned a verdict in favor of defendants, and judgment was entered thereon. Horacek moved the trial court for a portion of the transcript containing his cross-examination at government expense. The district court denied the motion on the ground that an appeal would be frivolous. On appeal, Horacek argues that the trial court erred in allowing him to be impeached with convictions that were over ten years old, as well as admitting evidence of some charges that had been dismissed, five booking photographs of Horacek, and evidence of the length of his sentences and paroles. He complains that he did not have written notice from opposing counsel that his criminal history would be introduced, and that the court failed to determine whether or not the evidence was more probative than prejudicial. Counsel

for the appellees have informed the court that they will not be filing a brief.

■■■ Upon review, we conclude that the verdict in favor of defendants must be affirmed, as Horacek has established no basis for overturning the jury's decision. Horacek's primary argument on appeal is that the district court erred in allowing him to be impeached with convictions that were more than ten years old. However, Fed.R.Evid. 609(b) only restricts the introduction of convictions where more than ten years have elapsed since the party convicted was released from confinement. Horacek has not argued that any of the convictions introduced at his trial would fall under this exception to the general rule allowing impeachment with felony convictions. In fact, it appears from the exhibits attached to Horacek's briefs that the convictions which were introduced at the trial are not more than ten years old from the date of conviction. This may explain why the other evidence Horacek objects to, regarding the length of his sentences and paroles, was admitted. Where more than ten years have not elapsed since the party convicted was released from confinement, there is no requirement of written notice by opposing counsel or a finding by the trial court that the evidence is not more prejudicial than probative. Horacek also objects to the admission of several booking photographs. The purpose for which these photos were introduced is not clear because Horacek did not order a transcript for this appeal. In fact, because Horacek did not provide a transcript of the complete trial, or move this court for a transcript at government expense, he cannot meet his burden of demonstrating an abuse of discretion by the trial court in its evidentiary rulings, which must be assessed in light of the totality of the evidence presented at trial. *See, e.g., Hawley v. City of Cleveland*, 24 F.3d 814,

821 (6th Cir.1994); *McEwen v. City of Norman, Okl.,* 926 F.2d 1539, 1550 (10th Cir.1991); *Alizadeh v. Safeway Stores, Inc.,* 910 F.2d 234, 237 (5th Cir.1990).

Therefore, Horacek has failed to meet his burden of showing an abuse of discretion by the trial court in its evidentiary rulings. As this is the only issue presented in this appeal, there is no basis for overturning the judgment below, which is hereby affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.