**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30971
Summary Calendar

BRENT ROBINS; KIM ROBINS,

Plaintiffs-Appellants,

versus

BRIAN JARREAU; ET AL.,

Defendants,

BRIAN JARREAU; KIM JARREAU;
FOREMOST SIGNATURE INSURANCE COMPANY,

Defendants-Appellees.

* * * * * * * * * * * * * * * *

Consolidated with

No. 03-30013

BRENT ROBINS; KIM ROBINS,

Plaintiffs-Counter Defendants-Appellants Cross-Appellees,

versus

BRIAN JARREAU; ET AL.,

Defendants,

BRIAN JARREAU; KIM JARREAU;

Defendants-Counter Claimants-Appellees-Cross-Appellants,
FOREMOST SIGNATURE INSURANCE COMPANY,

---

**Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-159-D**

---

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In February 2002, Brent and Kim Robins (collectively "the Robins") tried to make a federal case out of their ongoing feud with their neighbors, Brian and Kim Jarreau ("the Jarreaus"), by filing a civil rights action against them. The Robins amended the complaint to add as a defendant the Jarreaus' personal liability insurer, Foremost Signature. The district court dismissed the complaint because there was no allegation of state action, the claims were prescribed, and there was no cause of action based on Kim Robins' conviction because there was no allegation that those criminal proceedings had been terminated in her favor. The district court found in favor of the Jarreaus on their counterclaim against the Robins and awarded the Jarreaus $2,500 in attorneys' fees.

The Robins contend that the district court erred in denying their second motion to amend the complaint to add as a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant a state employee whose letter to the defendants allegedly "precipitated" criminal charges against Kim Robins; that the district court erred in dismissing the complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), on the basis that there was no state action; and that the district court erred in determining that the defendants were a "prevailing party" and in awarding attorneys' fees to them. These arguments are without legal or factual basis and are frivolous. The Robins' appeal is frivolous and is **DISMISSED**. 5TH CIR. R. 42.2.

On cross-appeal, the Jarreaus and Foremost Signature argue that the district court erred in awarding less attorneys' fees than they had incurred based on the Robins' unsupported assertions regarding their financial condition. The Jarreaus and Foremost Signature are correct. See Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 239 n.7 (5th Cir. 1990). We **VACATE** the award of only $2,500 in attorneys' fees and **REMAND** to the district court for further proceedings. See Forbush v J.C. Penny Co., 98 F.3d 817, 821-23 (5th Cir. 1996).

The Jarreaus and Foremost Signature move in this court for award of appellate costs and attorneys' fee sanctions pursuant to FEDERAL RULE OF APPELLATE PROCEDURE 38. Because the Robins' appeal is frivolous, we **GRANT** the appellees' motion and **AWARD** attorneys' fees and double costs to them. FED. R. APP. P. 38.

3

We **ORDER** the appellants' attorney, Clarence T. Nalls, to show cause, within ten days of this order, why this court should not impose sanctions against him pursuant to 28 U.S.C. § 1927. If Nalls does not comply with this order, we **DIRECT** the clerk to assess against Nalls personally the excess costs, expenses, and attorneys' fees reasonably incurred by the appellees.

The Jarreaus and Foremost Signature are **DIRECTED** to file a bill of costs together with an affidavit setting forth expenses and attorneys' fees reasonably incurred by them in connection with this appeal. See FED. R. APP. P. 39; 5TH CIR. R. 39 and 47.8.1.

Appeal Nos. 02-30971 and 03-30013 are **DISMISSED AS FRIVOLOUS**; award of $2,500 in attorneys' fees is **VACATED** and **REMANDED**; Appellees' Motion for Damages and Attorneys' Fees is **GRANTED**; Appellants' attorney **ORDERED** to show cause why **SANCTIONS** should not be imposed against him pursuant to 28 U.S.C. § 1927.