**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 27, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10887

_____

consolidated with No. 04-10140 & No. 04-10295

CELESTINA DELEON

                    Plaintiff - Appellant

v.

CITY OF HALTOM CITY; ET AL

                    Defendants

JACK BYNO, Individually and in his Official Capacity

                    Defendant - Appellee

_____

Appeals from the United States District Court
for the Northern District of Texas
No. 4:02-CV-1045-A

_____

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

        Celestina DeLeon sued former municipal judge Jack Byno under

42 U.S.C. § 1983 for incarcerating her for misdemeanor violations

without first conducting an indigency hearing, informing her of

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

her right to counsel, or appointing counsel for her.  After concluding that Byno was protected from liability by absolute judicial immunity, the district court dismissed the suit.  Byno moved for attorneys' fees under 42 U.S.C. § 1988, which the district court granted upon determining that DeLeon's suit against Byno was frivolous.  DeLeon appeals the district court's attorneys' fees award in No. 03-10887.  After DeLeon appealed from the attorneys' fees award, she filed a motion under Federal Rule of Civil Procedure 60(b), requesting that the district court reconsider the award.  The district court denied DeLeon's motion and DeLeon appeals that decision in No. 04-10140.  On Byno's motion, the district court awarded attorneys' fees in connection with DeLeon's Rule 60(b) motion; DeLeon appeals this second attorneys' fees award in No. 04-10295.  Because the three appeals present similar issues, we have consolidated them.

## I.   No. 03-10887

DeLeon contends that the district court abused its discretion by awarding attorneys' fees to Byno in connection with her § 1983 suit because (1) her suit was not frivolous, (2) the award is contrary to the purpose of § 1988, and (3) she is unable to pay the award.

Under § 1988, a district court has discretion to award reasonable attorneys' fees to the prevailing party in a suit brought under § 1983.  Before the district court, Byno

2

successfully invoked absolute judicial immunity to obtain dismissal of DeLeon's suit; he is therefore the prevailing party for purposes of § 1988. See 2 SHELDON H. NAHMOD, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION § 10:4 (4th ed. 2003) ("[A] defendant who successfully asserts an immunity or affirmative defense in an action for damages is the prevailing party under § 1988.").

Still, attorneys' fees are not automatically awarded to a prevailing defendant; an award is proper only upon a finding that the plaintiff's suit is "frivolous, unreasonable, or groundless." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Here, Byno's judicial immunity was clear on the facts alleged by DeLeon. See Holloway v. Walker, 765 F.2d 517, 522-25 (5th Cir. 1985); Sparks v. Duval County Ranch Co., 604 F.2d 976, 979-80 (5th Cir. 1979) (en banc), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24 (1980). Furthermore, in light of our prior cases, DeLeon's arguments fail to set forth a reasonable basis for an extension or modification of immunity law. See Holloway, 765 F.2d at 522-23. Because Byno was unequivocally protected from liability by absolute judicial immunity, the district court did not clearly err in finding that DeLeon's suit against Byno was frivolous. See Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir. 1995).

Moreover, an award of attorneys' fees does not defeat the purpose of § 1988. DeLeon's suit against Byno could not have effected the beneficial changes in Haltom City that she claims it

3

did because most of the relevant changes (including Byno's resignation) occurred before she named Byno as a defendant. In any event, the purpose of § 1988 is not only to encourage potentially meritorious civil-rights suits, but also to discourage frivolous suits. See Jones v. Texas Tech Univ., 656 F.2d 1137, 1144 (5th Cir. 1981). Consequently, awarding attorneys' fees in this case was consistent with the purposes of § 1988.

We also conclude that the district court properly refused to consider DeLeon's indigency in deciding whether to award attorneys' fees, in light of our holding in Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 238 (5th Cir. 1990), that a plaintiff's ability to pay should not be considered by the district judge when deciding whether to award attorneys' fees.[1]

In the alternative, DeLeon claims that the district court abused its discretion by including in the award fees incurred by Byno's counsel for attending depositions in related cases. Although DeLeon argues that these depositions had "little or

_____

[1] The Alizedah court did note that a party's indigency should be taken into account when setting the amount of attorneys' fees. But "the party against whom the attorneys' fees are to be assessed will bear the burden of going forward and of persuasion" and the party should "support[ its] request with adequately detailed and comprehensive affidavits or similar 'evidence.'" Alizedeh, 910 F.2d at 239 n.7. According to the district court, DeLeon failed to submit an affidavit or declaration in support of her indigency allegations. Therefore, DeLeon did not meet her burden of showing that the attorneys' fees award should be reduced on account of her financial condition.

nothing to do with the claims against Byno," she also admits that these related lawsuits "implicated Byno."  DeLeon Br. at 7, 9.  Importantly, the parties had agreed that these depositions could be used in any of the related cases.  Based on this fact, the district court reasonably determined that attendance at these depositions was necessary in order for Byno's counsel to fully represent him.  Including these fees in the award, therefore, was not an abuse of discretion.

Consequently, we hold that the district court did not abuse its discretion in awarding attorneys' fees to Byno.[2]

## II.   No. 04-10140

DeLeon's next appeal concerns the district court's denial of her Rule 60(b) motion to reconsider the attorneys' fees award.  She contends that the district court abused its discretion by denying her motion because the motion met the standards under Rule 60(b)(2), and, in any case, the district court's order failed either to lay out the applicable legal standard or to address her arguments.  Furthermore, DeLeon asserts that the district court's award of fees is unjust in light of her new evidence of Byno's culpability.

A district court's failure to detail its reasons for denying a Rule 60(b) motion to reconsider is not per se an abuse of

---

[2]     DeLeon raises numerous additional arguments for the first time in her reply brief.  We decline to consider these untimely arguments.  See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1546 n.9 (5th Cir. 1991).

5

discretion, and remand is not necessary if the plaintiff has not presented a colorable claim for relief. See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 998-99 (5th Cir. 2001). Although it is true that the district court's opinion here provided little analysis, we will not remand because DeLeon has not presented a colorable claim for relief. DeLeon has not shown how the new evidence she presented is material or controlling, or how it would have produced a different result (two of the requirements for a Rule 60(b)(2) motion), inasmuch as it has no bearing on whether Byno is protected by judicial immunity. Cf. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding that a judge is protected by judicial immunity for his judicial acts even when the judge acts maliciously).

Even if DeLeon's new evidence did establish that Byno violated defendants' civil rights, we still would not agree that an award of attorneys' fees against DeLeon was unjust or inconsistent with the purpose of § 1988.[3] Quite simply, DeLeon's

---

[3] Contrary to DeLeon's assertions, the evidence she presented in her Rule 60(b) motion does not show that Byno committed civil-rights violations. Byno did not admit to the charges against him when he entered into the Voluntary Agreement To Resign From Judicial Office In Lieu of Disciplinary Action. The agreement reads: "Judge Byno, by his execution of this voluntary agreement, does not admit guilt, fault or liability to the allegations contained in the complaint set forth above." Furthermore, the agreement specifically provided that "no Findings of Fact or Conclusions of Law have been made."
In any case, Byno never claimed that he had done no wrong; his defense is that, whether he violated DeLeon's rights or not, he is protected from liability by absolute judicial immunity.

6

suit against Byno was frivolous, since Byno was undeniably protected from liability by judicial immunity. See Franceschi, 57 F.3d at 832. Moreover, as explained above, Byno resigned before DeLeon named him as a defendant, so DeLeon's suit against Byno was not only frivolous, it was unnecessary to cause Byno's resignation. An award of attorneys' fees in this case is therefore consistent § 1988's purpose of deterring frivolous litigation. Consequently, the district court did not abuse its discretion by denying DeLeon's motion to reconsider.

### III. No. 04-10295

According to DeLeon, the district court erred by awarding attorneys' fees to Byno a second time because attorneys' fees under § 1988 are not available for Rule 60(b) motions. Additionally, she claims that the district court abused its discretion by awarding attorneys' fees because her motion was not frivolous and an award of fees is unjust. In the alternative, DeLeon contends that the district court abused its discretion by awarding Byno his full fees request.

DeLeon's argument that § 1988 is inapplicable to her Rule 60(b) motion is meritless. Her motion was part of her § 1983 suit against Byno. Since Byno prevailed on the motion, the district court had discretion to award Byno his attorneys' fees. See 42 U.S.C. § 1988(b) (authorizing the district court to award attorneys' fees to the prevailing party "[i]n any action or

7

proceeding to enforce a provision of [section 1983] of this title").

DeLeon argues that, even if § 1988 does apply, her motion was not frivolous (and, consequently, attorneys' fees were inappropriate) because the motion merely requested that the district court consider the purpose of § 1988 in determining whether an attorneys' fees award was justified. Because the evidence DeLeon presented in her Rule 60(b) motion was irrelevant to whether her underlying § 1983 suit was frivolous, the district court did not clearly err in concluding that her Rule 60(b) motion was likewise frivolous. Since DeLeon's motion was correctly determined to be frivolous, the award does not offend the purpose of § 1988.

DeLeon also challenges the amount of attorneys' fees awarded, arguing that Byno's counsel billed an excessive number of hours. We see no clear error in the district court's finding that 8.5 hours was a reasonable and necessary amount of time for Byno's counsel to spend defending against DeLeon's Rule 60(b) motion. Consequently, the amount of attorneys' fees awarded was not an abuse of discretion.

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's award of attorneys' fees to Byno in appeal No. 03-10887, AFFIRM the district court's denial of DeLeon's motion to reconsider in

appeal No. 04-10140, and AFFIRM the district court's award of attorneys' fees in connection with DeLeon's motion to reconsider in No. 04-10295.