# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 10-60681
Summary Calendar

TONY KEITH REYNOLDS,

Plaintiff-Appellant

v.

CHRISTOPHER B. EPPS, Commissioner; RUFUS BURKS, JR.; BRIAN
LADNER, Associate Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-36

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tony Keith Reynolds, Mississippi prisoner # 34629, challenges the dismissal of his 42 U.S.C. § 1983 lawsuit following a bench trial, renewing his claims that he was assaulted by officers and denied medical care following the assault, that he was denied medical care for dental and back problems, that his conditions of confinement during lockdown following his release from suicide watch violated the Eighth Amendment, that his property was illegally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confiscated, and that he was denied access to the courts. He also argues, for the first time on appeal, that he was retaliated against for speaking on television in defense of a black inmate on death row and that his rights were violated when he was charged multiple times for the same medical services. These newly raised claims will not be considered. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 319 (5th Cir. 1997).

For the first time in his reply brief, Reynolds seeks to raise claims that the district court erred in refusing to allow him to call witnesses, in denying his motion for a default judgment and/or for a temporary restraining order, and in dismissing his claims of gender and racial discrimination; he also seeks to raise new claims that he has recently been denied treatment for a leg injury and has been denied certain specific medications and supplies. He further attempts to renew, for the first time in his reply brief, the claims that the prison where he is housed is overcrowded and unsanitary. Because Reynolds did not raise these arguments in his initial appellate brief, this court will not consider them. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *see also United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). Reynolds has additionally abandoned by failing to brief any argument renewing his claims that the prison had inadequate disciplinary procedures and provided inadequate protection from other inmates. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Reynolds's arguments regarding the alleged assault and related denial of medical care are conclusional, as are his allegations regarding the denial of treatment for back pain, the conditions he was subjected to in lockdown following his release from suicide watch, and the confiscation of his property. Without the trial transcript to aid in this court's review, no deficiencies in the district court's ruling can be discerned. Reynolds has not provided a copy of the trial transcript and has instead affirmatively stated that a trial transcript is not

necessary.  Because he has failed to provide the trial transcript, the claims fail. *See* FED. R. APP. P. 10(b)(2); *see also Alizadeh v. Safeways Stores, Inc.*, 910 F.2d 234, 237 (5th Cir. 1990).

In connection with his dental-care claim, Reynolds does not deny that he received dental treatment but complains that he was never seen by an oral surgeon.  His disagreement with the treatment he received is not actionable under § 1983, and the claim was properly dismissed.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  His denial-of-access claim was likewise properly dismissed because, even if he missed unspecified filing deadlines, he has neither asserted nor demonstrated that he has been prevented from pursuing a nonfrivolous legal claim as a result.  *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

The district court's judgment is AFFIRMED.