**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1825

_____

E.C., C.O., INDIVIDUALLY AND ON BEHALF OF C.C.O.,

v.

PHILADELPHIA SCHOOL DISTRICT,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil No. 2-13-cv-06047)
District Judge: Hon. Petrese B. Tucker

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 3, 2016

_____

BEFORE: McKEE, *Chief Judge*, SMITH, and HARDIMAN, *Circuit Judges*.

(Opinion Filed:  March 21, 2016)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

E.C. and C.O., parents of C.C.O., filed an administrative due process complaint, alleging that the Philadelphia School District violated the rights of their child under the Individuals with Disabilities Education Improvement Act (IDEA)[1] and Section 504 of the Americans with Disabilities Act (ADA).[2] During the administrative process, the parents established that the school district denied their child a free appropriate public education (FAPE). As a result, the hearing officer awarded the parents all relief sought as well as attorneys' fees.

The school district now appeals the attorneys' fee award, arguing that the appellees' charged hours were excessive, the fee lodestar should be reduced to account for the appellees' degree of success, and the award should have taken into consideration the financial condition of the school district. We find these arguments unpersuasive and affirm the district court's ruling in whole.[3]

I.

The Philadelphia School District first relies on *Elizabeth S. v. School District of Philadelphia*[4] to argue that a 2:1 ratio of preparation to hearing time is reasonable. Based on this formula, the school district contends that the parents' charged hours should be

---

[1] 20 U.S.C. § 1400 *et seq.*
[2] 42 U.S.C. § 12131 *et seq.*
[3] We review the district court's award of attorneys' fees for abuse of discretion. *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 551-52 (3d Cir. 2003). "An abuse of discretion can occur when no reasonable person would adopt the district court's view." *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990). We review the district court's factual findings for clear error. *Id.* at 1182-83.
[4] No. CIV.A. 11-1570, 2012 WL 2469547, at *3 (E.D. Pa. June 28, 2012).

reduced from 226.4 to 50. But the school district's argument both misconstrues the appellees' charged hours and the district court's decision in *Elizabeth S.* Accordingly, we affirm the district court's calculation of hours and grant of corresponding fees.

First, the school district misrepresents that the parents' attorneys charged a total of 226.4 hours to prepare for their due process hearing. As the parents accurately point out, this calculation not only includes the time the attorneys spent preparing for the hearing, but *all* attorney activities from November 2, 2012, through September 23, 2013—the day after the due process decision was issued. In reality, the district court found that the parents' attorneys spent a total of 115 hours—not 226.4—preparing for the due process hearing. *Elizabeth S.* nowhere suggests that a 2:1 ratio should be applied to *all* attorney activities.

Moreover, *Elizabeth S.* clarified that the 2:1 formula was appropriate only because the lawyer at issue in that case was a highly experienced attorney.[5] Only one of the parents' two attorneys possesses that level of expertise.[6] Accordingly, to the extent that a 2:1 ratio constitutes an appropriate limitation, it should only be applied to the more experienced of the parents' two lawyers, who billed just 8 of the 115 hours.

In any event, the district court is not bound by the 2:1 ratio set forth in *Elizabeth S.* The school district's argument in this regard is disingenuous because the district court

---

[5] *Id*.

[6] Indeed, the more experienced of the parents' two attorneys was the same attorney at issue in *Elizabeth S.*: David J. Berney. *Id.*

found that the school district's attorneys spent nearly as many hours preparing for the hearing even though the parents bore the burden on each claim they presented.[7]

## II.

The school district next argues that we should reduce the fee lodestar because the parents were not successful on all of their claims. During the administrative hearing, the parents argued that their child was denied a FAPE in reading, math, writing, supplementary aids and services, speech and language, and postsecondary transition. The hearing officer agreed with the parents regarding the first four subject areas, but determined that the child had not been denied a FAPE with respect to the final two. Nonetheless, the hearing officer granted the parents all the relief they sought: (1) a determination that the school district denied their child a FAPE for a specified time period; (2) compensatory education for a brief period in which their child was enrolled in a district school; and (3) reimbursement for private school tuition and fees for that same time period.

The Philadelphia School District argues that the fee lodestar should be reduced by at least 16.66 percent because the parents were unsuccessful on two of their six claims. But as the Supreme Court has explained, a failure to succeed on every claim does not preclude a plaintiff from recovering full compensation.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . . In these circumstances the fee

---

[7] *See, e.g.*, *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984) (noting that the fees settling defendants paid are relevant in determining "reasonable hours and hourly rates for comparable lawyers").

award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.[8]

Although the school district claims that district courts have reduced fee lodestars in other cases where the plaintiffs did not prevail on all their legal theories, they fail to cite a single case where this is true.[9] Indeed, when confronted with this issue, district courts have held that plaintiffs' failure to prevail on all their legal theories do not justify reductions in attorneys' fees where the plaintiffs obtained excellent results, as the parents did here.[10] Accordingly, the district court's refusal to reduce the fee lodestar was appropriate.

---

[8] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (internal citation omitted).

[9] In fact, the school district's brief completely misconstrues an Eastern District of Pennsylvania decision. In *Mary Courtney T. v. School District of Pennsylvania*, the district court reduced the fee lodestar because the plaintiffs only obtained partial relief on their claims. No. CIV.A. 06-2278, 2009 WL 185426, at *7-8 (E.D. Pa. Jan. 22, 2009), *aff'd in part, rev'd in part sub nom. Mary T. v. Sch. Dist. of Phila.*, 575 F.3d 235 (3d Cir. 2009). Although the defendant school district argued that the district court should reduce this lodestar, in part, because the plaintiffs only prevailed on one of their three legal theories, the district court explicitly clarified that these failed legal claims did not contribute to the court's decision to reduce the lodestar: "The School District argues that because the majority of Plaintiffs' legal claims failed, the lodestar should be reduced. . . . [But f]ollowing the Supreme Court's guidance in *Hensley*, I find no basis for a reduction in the fee award based on the dismissal of these related claims." *Id.*

[10] *See, e.g., In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, No. CIV.A. 03-3924, 2008 WL 2600364, at *7 (E.D. Pa. June 26, 2008), *aff'd sub nom. In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220 (3d Cir. 2009); *Barrett v. W. Chester Univ. of Pa. of State Sys. of Higher Educ.*, No. 03-CV-4978, 2006 WL 859714, at *17 (E.D. Pa. Mar. 31, 2006).

III.

Finally, the Philadelphia School District argues that the district court should have reduced the fee award by fifteen percent to account for the "distressed" financial condition of the school district—a "special circumstance" according to the school district.[11] We both recognize and sympathize with the school district's well-documented and extremely unfortunate budgetary difficulties. The fiscal woes that have befallen the school district almost certainly turn what should be a basic function of government—educating children—into a Herculean task. However, that concern can neither be visited upon the shoulders of these plaintiffs nor excuse the school district from its statutory obligation of paying the reasonable fees here. As we clarified in *Inmates of Allegheny County Jail v. Pierce*, "the losing party's financial ability to pay is not a 'special circumstance,' whether that party is a public or a private agency."[12] Although *Inmates of Allegheny* examined the fee-shifting provision of 42 U.S.C. § 1988, that provision is virtually identical that of the IDEA.[13]

In support of its position, the school district cites an older Third Circuit opinion, *Hughes v. Repko*,[14] and a Fifth Circuit decision, *Alizadeh v. Safeway Stores, Inc.*[15] But neither case supports the school district's contention. In *Alizadeh*, the Fifth Circuit held

---

[11] Appellant Br. 22, 25 ("It is a matter of recent public knowledge that the School District is faced with a potential shortfall of $1.35 billion over the next five years.").

[12] 716 F.2d 177, 180 (3d Cir. 1983) (quoting *Entm't Concepts, Inc. III v. Maciejewski*, 631 F.2d 497, 507 (7th Cir. 1980), and citing *Sharrock v. Harris*, 489 F. Supp. 913 (S.D.N.Y. 1980)).

[13] *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301-02 (2006).

[14] 578 F.2d 483 (3d Cir. 1978).

[15] 910 F.2d 234 (5th Cir. 1990).

that "the financial condition of a *nonprevailing plaintiff* charged with attorneys' fees under section 1988 is a factor that . . . a court should consider when fixing the amount of such an award."[16] The Fifth Circuit explicitly declined to address "whether or under what circumstances a *nonprevailing defendant's* financial condition may be weighed in charging that party with attorneys' fees under section 1988."[17]

Our decision in *Hughes* also examined the *plaintiffs'* financial condition and assessed whether those plaintiffs could pay their attorneys' fees. We explicitly "express[ed] no opinion on whether, or in what manner, a court may take into account ability to pay in exercising its discretion to award a reasonable attorney's fee under [§ 1988]."[18]

Accordingly, we will affirm the district court's award of attorneys' fees.

---

[16] *Id.* at 239 (emphasis added).
[17] *Id.* at 239 n.8.
[18] *Hughes*, 578 F.2d at 488.

7