# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 09-60943
Summary Calendar

Lyle W. Cayce
Clerk

JAMES C. WINDING,

Plaintiff-Appellant

v.

BART GRIMES, Individually and in his official capacity; CARMELITA NAYLOR; CAPTAIN DERECK SMITH; LIEUTENANT RICE,

Defendants-Appellees

JAMES C. WINDING,

Plaintiff-Appellant

v.

RON WILLIAMS, Individually and in his official capacity; E.L. SPARKMAN, Individually and in his official capacity; JOYCE GRAHAM; GEO ENTERPRISES, INC.; THE GEO GROUP, INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:09-CV-11
USDC No. 4:09-CV-58

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

No. 09-60943

PER CURIAM:[*]

James C. Winding, Mississippi prisoner # K8115, appeals the magistrate judge's denial of his motion for judgment as a matter of law and his motion for a new trial with a jury, which challenged the magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint. Winding argues that the magistrate judge's denial of his motion for a judgment as a matter of law was not supported by the facts or law. He contends that he can prove that the defendants acted with deliberate indifference because they knew that Winding was housed with an inmate with a violent history and failed to take steps to protect him from harm.

Winding's postjudgment Federal Rule Civil Procedure 59(e) motion merely disputed the magistrate judge's factual findings and legal conclusions based on the evidence presented at his trial. Rule 59(e) cannot be used to rehash the evidence or make arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Windings's assertions in his motion did not demonstrate any grounds for relief under Rule 59(e), such as a manifest error of law or fact or the discovery of new evidence. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The district court did not abuse its discretion in denying the postjudgment motion because Winding did not raise any challenges entitling him to relief under Rule 59(e).

Further, Winding's challenge to the magistrate judge's denial of his request to reconsider his findings of fact and conclusion of law require this court to review a transcript of the trial. Winding's failure to provide a transcript may be the basis for the dismissal of the entire appeal. *See* FED. R. APP. P. 3(a)(2); FED. R. APP. P. 10(b)(2); *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Windings's pro se and in forma pauperis status does not preclude consideration of his initial representation to the court that he did not require a transcript to pursue his appeal nor excuse his failure to seek the transcript from this court until after filing his brief. *See Alizadeh v. Safeways Stores, Inc.*, 910 F.2d 234, 237 (5th Cir. 1990)  The lack of a transcript is an additional consideration in dismissing this appeal as frivolous.

Winding argues that the magistrate judge erred in denying his postjudgment motion for a new jury trial. Winding expressly waived his Federal Rule Civil Procedure 38 right to a jury trial and did not move prior to trial to withdraw the waiver pursuant to Federal Rule Civil Procedure 39. The district court did not abuse its discretion in denying Winding's request for a jury trial made in a postjudgment motion. *See Daniel Intern. Corp. v. Fischback & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Winding has failed to raise issues of arguable merit. His appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of the  IFP provisions of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Winding is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). The court notes that the recent dismissal as frivolous of Winding's appeal in *Winding v. The Geo Group, Inc.*, No. 09-60693 constituted another strike under § 1915(g) strike against him.

Winding has filed a motion for appointment of counsel, arguing that he is without funds to investigate his claims and that he does not have the skills and knowledge to proceed with his case. The court may appoint counsel in a § 1983 case upon a showing of exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Winding has not made a showing of exceptional

circumstances warranting the appointment of counsel.  The motion for appointment of counsel is denied.

Winding has also filed a motion to strike the appellees' briefs because the defendants did not file a response to his motion for judgment as a matter of law and his motion for new trial filed in the district court.  Winding has not shown any valid legal basis for the court to strike the appellees' briefs.  The motion is denied.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.